19283

Rubylee MARTIN, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant

(183 S. E. (2d) 451)

*Messrs. Joseph E. Major and William H. Glickman* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellant,*

*Donald L. Ferguson, Esq.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Respondent,*

September 2, 1971.

Moss, Chief Justice.

This action was instituted by Rubylee Martin, the respondent herein, against Nationwide Mutual Insurance Company, the appellant herein, seeking to recover certain medical and death benefits under the family compensation section of an automobile liability policy issued by it.

The record shows that on March 20, 1968, the appellant issued an automobile liability policy designating the respondent and her deceased husband, John Robert Martin, as named insureds. This policy was countersigned by a local resident agent of the appellant. The liability policy so issued contained a family compensation section providing for a death benefit of $5,000 to a surviving spouse of an insured who is killed by accident while in or upon a motor vehicle described in the policy. The family compensation section also provided for the necessary medical expenses, not exceeding $5,000, incurred by each person who sustains bodily injury or death in any one accident. When this policy was originally issued it did not contain any subrogation provision applicable to the family compensation section.

It is admitted that on March 18, 1970, John Robert Martin, the husband of the respondent, lost his life in an automobile accident while driving a Plymouth automobile which was insured under the above described policy. It is also admitted that the respondent sustained bodily injury in the same accident and as a result incurred medical bills in the amount of $1,011.91.

The appellant, by answer, admits the issuance and delivery of the automobile liability policy upon which the respondent brought this action and that such was in full force and effect at the time that John Robert Martin lost his life and the respondent received bodily injuries in an automobile accident with a third party. The appellant further alleged that on June 20, 1969, it added a subrogation endorsement to said policy which applied to the family compensation section thereof. This subrogation endorsement provided that in the event of payment by the appellant to the insured of any benefits under the family compensation section of said policy that it would be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any right of recovery which the injured person may have against any third party. It is then alleged that the respondent executed a release to the third party, who caused the death of John Robert Martin and the bodily injury to the respondent, in violation of and prejudicial to its right to subrogation, and because thereof the respondent was not entitled to recovery under the liability insurance policy. It is admitted by the appellant that the endorsement adding a subrogation feature to the family compensation section of the policy was not countersigned by a local resident agent of the appellant.

The respondent demurred to the answer of the appellant on the ground that the subrogation endorsement was invalid for the reason that it was not countersigned by a resident agent of the appellant as is required by Code Section 37-247, as amended.

The demurrer came on to be heard before the Honorable Robert W. Hayes, Presiding Judge, and on February 9, 1971, he issued an order sustaining the demurrer and holding the subrogation endorsement invalid because it was not properly countersigned by a local authorized agent pursuant to Section 37-247 of the Code. In this appeal it is asserted that the trial judge was in error in so holding.

It is provided in Section 37-247 of the Code as follows:

"All business done in this State by insurance companies doing the business of insurance as defined in this Title shall be transacted by their regularly authorized agents residing in this State or through applications of such agents, and all policies, except life insurance policies, so issued must be personally countersigned by such agents. * * *"

It is provided in Section 37-248 of the Code that any insurance company willfully violating or failing to observe and comply with any of the provisions of Section 37-247 shall be subject to and liable to pay a penalty for each violation thereof. The penalty so imposed is not for the benefit of private individuals and may, according to the express terms of the Statute, be recovered in an action brought in the name of the State. *Taggart v. Home Finance Group, Inc.,* 239 S. C. 345, 123 S. E. (2d) 250.

The question arises here as to whether a separate endorsement which modifies the existing properly countersigned insurance policy must also be countersigned in order to be valid. The answer to this question is dependent upon what was the legislative intent in the enactment of Section 37-247. We have held that the legislative intent must prevail if it can be reasonably discovered in the language used, which must be construed in the light of the intended purpose of the Statute. One of the primary rules in the construction of a Statute is that the words used therein should be taken in their ordinary and popular significance, unless there is something in the Statute requiring different interpretation. *Brewer v. Brewer,* 242 S. C. 9, 129 S. E. (2d) 736. We have also held that if the legislative intent is clearly apparent from the language of the Statute there is no occasion for resort to the rule of statutory construction. *Beach v. Livingston,* 248 S. C. 135, 149 S. E. (2d) 328.

The Statute, Section 37-247, mandatorily requires that *all policies* be countersigned by a resident agent of the company. There is no provision in the Statute

requiring that an endorsement be countersigned by a resident agent where such is issued for attachment to a policy which has already been duly countersigned in compliance with the Statute. There is nothing in the Statute that evinces an intent on the part of the legislature that an uncountersigned policy or endorsement would be invalid and void; but a violation of such Statute would subject the company to the penalty imposed by Section 37-248 of the Code. It appears to us that if the legislature had intended that the omission of a counter-signature to an endorsement by a resident agent would render such invalid, it would have expressly said so. This it did not do.

In *Strawhorn v. Standard Mutual Life Ass'n.,* 195 S. C. 448, 12 S. E. (2d) 4, an insurance policy was issued providing that such would be subject to the bylaws of the company. At the time of the issuance of the said policy with the aforesaid condition, there was in force and effect a statute which provided:

"No association, society or corporation organized for the purpose of insuring its members shall issue any policy or contract of insurance specifying that the by-laws of such society, association or corporation shall become a part of the contract or policy of insurance unless said by-laws are physically incorporated in the contract or policy of insurance *  *  *."

We held that even though the policy was issued in violation of the aforesaid Statute, such did not affect its validity because the Statute carried no provision that policies issued in violation thereof would be deemed invalid as between the parties. We think the rationale of this decision dictates that the demurrer in the instant case should have been overruled.

There is no requirement in Section 37-247 that an endorsement to an existing valid policy should be countersigned by a resident agent in order to make such valid. Having reached this conclusion, it follows that the trial judge was in error in sustaining the demurrer interposed by the respondent.

The judgment of the lower court is,

Reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.