21168

Gloria WORTHINGTON, Respondent, v. Frank A. BELCHER, Appellant.

(264 S. E. (2d) 148)

*David L. Freeman,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*John E. Johnston,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

March 17, 1980.

GREGORY, Justice:

This is an appeal from a jury verdict awarding respondent Gloria Worthington $23,500.00 actual damages in this action for personal injuries. We affirm.

Appellant Frank A. Belcher was traveling north on Pleasantburg Drive in the city of Greenville when an automobile driven by Jo Ann Turner shot out of a parking lot into appellant's lane of traffic, causing a collision. Appellant's automobile skidded to a stop in the gravel median of the six traffic lane thoroughfare. He emerged from his car without setting the brake, briefly inspected the damage to his automobile and turned to check on Jo Ann Turner, whose car was parked some distance behind him. Before reaching the Turner vehicle, appellant noticed his car had rolled out of the median lane and was traveling down the steep incline at that location of Pleasantburg Drive into the oncoming southbound traffic.

The unoccupied vehicle collided head-on with respondent, causing severe personal injury and damage to her automobile. This action followed.

Appellant first contends the trial judge erred in his charge of Section 56-5-2570, entitled "Parking of Unattended Motor Vehicle," by restricting the phrase "effectively setting the brake" to mean the brake mechanism on the drums of the wheels of the automobile. Appellant argues he effectively set the brake within the contemplation of the statute by placing the vehicle's gear shift lever in the "park" position even though he failed to set the parking brake. We disagree. Section 56-5-2570 provides:

§ 56-5-2570. Parking of unattended motor vehicle.

No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

Words used in a statute are to be given their plain and ordinary meaning. *Hughes v. Edwards,* 265 S. C. 529, 220 S. E. (2d) 231 (1975). We find nothing in this statute requiring us to apply some other interpretation. The placing of the gear shift lever in the "park" position simply does not comply with or satisfy the statutory requirement of "effectively setting the brake." Accordingly, the lower court did not err by limiting the word "brake" to its plain and ordinary meaning with reference to motor vehicles. This construction also appears to be in line with the legislative intent. See Section 56-5-4850, 1976 Code (which sets forth the requirements for brake equipment). The purpose of the statutory requirement that one leaving a vehicle unattended on a roadway is charged with the duty of setting the brake is well illustrated by this accident.

Appellant next assigns error to the trial judge's refusal to charge the "sudden emergency" doctrine and kindred excuses for noncompliance with the unat-

tended motor vehicle statute. The evidence simply does not raise any genuine issue as to appellant's contentions that he was incapacitated as a result of the collision with Turner and that he would have been subjected to a greater risk of harm from a possible explosion or fire by taking the time to set the brake. Rather than escaping from what he contends was a dangerous situation, appellant took the time to inspect the damage to his new automobile upon exiting the vehicle. Although he now claims injury and shock resulting from the collision with Turner incapacitated him, appellant remained at the scene of the accident for more than an hour assisting the police in their investigation. He was then taken by the hospital where he was *x*-rayed and released. Accordingly, there was no error in refusing the requested charges on these doctrines. *Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977); See also *Still v. Blake,* 255 S. C. 95, 177 S. E. (2d) 469 (1970).

In the final exception appellant contends it was error for the lower court to direct the jury, after some period of deliberation, to return a verdict in favor of respondent on the issue of liability, and then to withdraw that instruction after the foreman advised the court the jury would have had the verdict written in two minutes anyway, and that the verdict would be in line with his instruction. The jury returned in two minutes with the verdict for respondent in the amount of $23,500.00.

Although the judge's actions in belatedly directing and then withdrawing a verdict for respondent on the issue of liability is most unusual, under the circumstances of this case we fail to see how appellant was prejudiced by this colloquy. Had the jury not returned a verdict for respondent, the trial judge would have granted judgment notwithstanding the verdict. Even assuming the trial judge did err by giving and withdrawing the instruction, no prejudice is shown so as to require reversal. See cases collected in 4 West's South Carolina Digest, *Appeal and Error,* at Key Number 1032(3).

Accordingly, the judgment of the lower court is affirmed. Affirmed.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and WALTER T. COX, III, Acting Associate Justice, concur.