21681

STATE ex rel. Daniel R. McLEOD, Appellant, v. Rhonda Caroline GOFF, Respondent.

(290 S. E. (2d) 238)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Scott Elliott,* Columbia, *for appellant.*

*Edward E. Saleeby, Jr.,* of *Saleeby, Cox & Bledsoe,* Hartsville, *for respondent.*

March 31, 1982.

LITTLEJOHN, Justice:

This action was commenced by a Petition and Rule to Show Cause seeking to have the Respondent, Rhonda Caroline Goff, declared to be an habitual offender of the Habitual Traffic Offender Act, pursuant to the provisions of § 56-1-1010, *et seq.,* of the *Code of Laws of South Carolina* (1976). At a

hearing, before the Circuit Court, the Respondent made oral return to the Rule and Petition.

The record reveals that within a three-year period she committed three traffic offenses: (1) driving under the influence, a violation of § 56-5-2930; (2) driving under suspension, a violation of § 56-1-460, which forbids one to drive while his license has been ". . . cancelled, suspended or revoked" and an additional offense of (3) driving under suspension. a violation of § 56-9-70, which forbids one to drive in violation of the Motor Vehicle Financial Responsibility Act. The trial judge refused to declare the Respondent an habitual offender, holding that the last conviction ([3] above) was not of the nature contemplated by the statute. The trial judge dismissed the Petition and Rule to Show Cause. The State has appealed. We reverse.

A determination that a driver is an habitual offender subjects the driver to the suspension of his license for five (5) years by a Court of General Sessions.

Section 56-1-1020(a) defines as follows:

An habitual offender shall mean any person whose record as maintained in the office of the State Highway Department, shows that he has accumulated the convictions for separate and distinct offenses described in subsections (a), (b) and (c) committed during a three-year period; . . .

(a) Three or more convictions, singularly or in combination of any of the following separate and distinct offenses arising out of separate acts:

(1) Voluntary manslaughter, involuntary manslaughter or reckless homicide resulting from the operation of a motor vehicle;

(2) Operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor, narcotics or drugs;

(3) Driving or operating a motor vehicle in a reckless manner;

(4) Driving a motor vehicle while his license, permit or privilege to drive a motor vehicle has been suspended or revoked;

. . . .

The Respondent suggests and the lower Court so held that a conviction for violating § 56-9-70 is not an offense for driving under suspension as defined in § 56-1-1020(a)(4) above.

Section 56-9-70, a portion of the Financial Responsibility Act, which brought about the suspension of the Respondent's license, reads as follows:

> Any person whose license or registration or nonresident's operating privilege has been suspended or revoked under this chapter and who, during such suspension or revocation, drives any motor vehicle upon any highway or knowingly permits any motor vehicle owned by him to be operated by another upon any highway, except as permitted under this chapter, shall be fined one hundred dollars or imprisoned thirty days.

We are of the opinion that § 56-1-1020(a)(4) included all offenses of driving under suspension and does not purport to distinguish between the two suspension offenses here involved.

The statutory language is clear and unambiguous and should be given its plain and ordinary meaning. *Worthington v. Belcher*, 274 S. C. 366, 264 S. E. (2d) 148 (1980). Its statutory provisions must be given a reasonable and practical construction consistent with the purpose expressed therein. See *Jones v. South Carolina Highway Department*, 247 S. C. 132, 146 S. E. (2d) 166 (1966); *Martin v. Nationwide Mutual Insurance Company*, 256 S. C. 577, 183 S. E. (2d) 451 (1971). In the present case, the language of the Habitual Traffic Offender Act provides that convictions for driving under suspension in combination with the requisite number and type of traffic convictions will qualify the driver to be an habitual Offender. Any other interpretation would be inconsistent with the statutory purpose expressed in § 56-1-1010, it being:

. . .

(a) To provide maximum safety for all persons who use the public highways of this State; and

(b) To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this State; and

(c) To discourage repetition of unlawful acts by individuals against the peace and dignity of this State and her political subdivisions and to impose additional penalties upon habitual offenders who have been convicted repeatedly of violations of the traffic laws of this State.

When a trial judge finds the individual before him is an habitual offender, as in the present case, he "shall direct that the person not operate a motor vehicle on the highways of this State and to surrender to the court his driver's license or permit." § 56-1-1070, *S. C. Code of Laws* (1976). See also, *State v. Foster*, S. C. 284, S. E. (2d) 780 (1981).

The order of the Circuit Court is reversed and the case remanded for the issuance of an order declaring the Respondent an habitual offender and suspending her driver's license for five (5) years.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.