0101

Hans LAIL, Respondent, v. RICHLAND WRECKING COMPANY, INC. and Insurance Company of North America, Appellants.

(313 S. E. (2d) 342)

Court of Appeals

*William W. Watkins,* of *Turner, Padget, Graham & Laney,* Columbia, *for appellants.*

*J. Marvin Mullis, Jr.,* Columbia, *for respondent.*

Feb. 27, 1984.

Cureton, Judge:

Richland Wrecking Company and its carrier, Insurance Company of North America, appeal an order awarding respondent Lail workers' compensation benefits pursuant to Section 42-1-160 and Section 42-15-60 of the Workers' Compensation Law. The Single Commissioner, Full Commission and Circuit Judge concurred in allowing coverage. We reverse.

The facts were stipulated. Respondent wore a hearing aid prior to his employment with Richland Wrecking Company. His hearing aid was broken beyond repair when he hit his head against a pipe while performing services growing out of and incidental to his employment. The reasonable replacement cost was $426.40. The Single Commissioner ordered the carrier to pay respondent $426.40. This order was affirmed by the Full Commission and upheld by the Circuit Judge.

The sole issue on appeal is whether the destruction of respondent's hearing aid is an injury within the meaning of S. C. Code Ann. Section 42-1-160 (1976) so that its replacement is compensable as a medical expense under Code Section 42-15-60. Stated differently, is damage to a prosthetic device a compensable injury under the Workers' Compensation Law?

S. C. Code Ann. Section 42-15-60 requires an employer to furnish an *injured* employee with "medical, surgical, hospital and other treatment, including medical and surgical supplies as may reasonably be required . . . *to effect a cure or give relief* . . . and, in addition thereto, such *original* artificial members as may be reasonably necessary *at the end of the healing period* . . . ." (Emphasis added.) While Section 42-15-60 establishes the scope of treatment an employer must provide, it restricts such treatment to an employee sustaining an "injury."

Section 42-1-160 states that " 'injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment. . . ." The appellants contend that this statutory definition requires that the employee sustain injuries to his *person* and excludes injury to the employee's property. Appellants further contend that since respondent's

accident produced only injury to the hearing aid, respondent is not entitled to compensation for its replacement.

It is perhaps unnecessary to say that this Court has no legislative powers, and in the interpretation and construction of statutes, our sole function is to determine and (within the constitutional limits of the legislative power) give effect to the intention of the Legislature. *Hatchett v. Nationwide Mutual Insurance Company*, 244 S. C. 425, 137 S. E. (2d) 608 (1964). Where the terms of a statute are clear and unambiguous, there is no need for construction; courts must apply them according to their literal and ordinary meaning. *Worthington v. Belcher*, 274 S. C. 366, 264 S. E. (2d) 148 (1980). The terms "injury" and "personal injury" in workers' compensation law generally mean injury to the person of the employee. 1B *Larson's Workmen's Compensation Law*, Section 42.12. The primary object of the Workers' Compensation Law is to create and preserve rights of employees who may sustain *personal injuries* in the course of their employment. *McLain v. Carolina Power and Light Company*, 172 F. Supp. 273, 275 (D.S.C. 1959). (Emphasis added.)

In addition, apart from special statute, most states hold that injury to a prosthetic device such as a hearing aid is not compensable as a personal injury. 99 C.J.S. *Workmen's Compensation* Section 158; 1B *Larson's Workmen's Compensation Law* Section 42.12, and cases cited therein. A cursory review of Code Section 42-15-60 will reveal that it doesn't enlarge the types of compensable injuries; it simply requires that the employer furnish broad treatment for a compensable injury.

Accordingly, we hold that injury to a prosthetic device incurred in an accident arising out of and in the course of the employment, unaccompanied by compensable bodily injury, is not compensable under S. C. Code Ann. Section 42-15-60 (1976). The judgment entered below requiring the appellants to pay the respondent $426.40 in compensation for replacing the broken hearing aid is hereby reversed.

Reversed.

GARDNER and GOOLSBY, JJ., concur.