## 22627

WILLIAM C. LOGAN & ASSOCIATES and Francis Marion College, of Whom William C. Logan & Associates is, Appellant v. Hugh LEATHERMAN, Luther Taylor, Grady L. Patterson, Jr., Nikki G. Setzler, Harriette G. Shaw, Steve Bilton, Jules J. Hesse, Jeffrey Rosenblum, as officers and members of the South Carolina Procurement Review Panel, South Carolina Procurement Review Panel, Governor Richard W. Riley, Grady L. Patterson, Jr., Earle E. Morris, Jr., Rembert C. Dennis, Tom G. Mangum, and William T. Putnam, as officers and members of the South Carolina Budget and Control Board, Division of General Services, South Carolina Budget and Control Board, a Division of General Services, John A. McPherson, Jr., Chief Procurement Officer for South Carolina Budget and Control Board, a Division of General Services and Powers Construction Company, of whom Hugh Leatherman, Luther Taylor, Grady L. Patterson, Jr., Nikki G. Setzler, Harriette G. Shaw, Steve Bilton, Jules J. Hesse, Jeffrey Rosenblum, as officers and members of the South Carolina Procurement Review Panel, South Carolina Procurement Review Panel are Respondents. Ex parte FRANCIS MARION COLLEGE, Plaintiff. In re FRANCIS MARION COLLEGE and William C. Logan & Associates, Plaintiffs v. POWERS CONSTRUCTION COMPANY and John A. McPherson, as Chief Procurement Officer, Division of General Services of the State Budget and Control Board, Defendants.

(351 S. E. (2d) 146)

Supreme Court

*Susan B. Lipscomb* of *Nexsen, Pruett, Jacobs & Pollard,* Columbia, *for appellant.*

*Helen T. McFadden,* Columbia, *for respondents.*

*Atty. Gen. T. Travis Medlock* and *Deputy Atty. Gen. Frank K. Sloan,* Columbia, *for plaintiff Francis Marion College.*

*Daniel T. Brailsford,* Columbia, *for defendant Powers Const. Co.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. David Eckstrom;* and *Malcolm Rentz,* Columbia, *for defendants South Carolina Budget and Control Bd., Div. of General Services,* and *John A. McPherson, Jr.*

*Daniel T. Brailsford,* Columbia, *for amicus curiae Specialty Trade Ass'n Council.*

*James B. Richardson, Jr.,* Columbia, *for amicus curiae Associated General Contractors.*

Heard Oct. 9, 1986.

Decided Nov. 17, 1986.

HARWELL, Justice:

This case involves a prime contractor's appeal from an order requiring it to remit a portion of profit from a contract that it had been awarded under the Procurement Code. We affirm.

Appellant Logan was awarded a contract by this State's chief procurement officer for construction of several buildings at Francis Marion College (FMC). Powers, another contractor who had bid on the job, protested the award, alleging that Logan failed to list certain subcontractors. Powers later abandoned its protest as to the necessity for Logan to list subcontractors for millwork, carpentry, and tile portions of

the job. Only Logan's failure to list a subcontractor for steel work is involved in this appeal. Under the Procurement Code, a contractor is required to list any subcontractor who will fabricate or install a portion of the project for 2% or greater of the total bid if a project is between three million dollars and five million dollars. S. C. Code Ann. § 11-35-3020 (1976, as amended). Since Logan's bid on this project was $4,497,000, Logan was required to list any subcontractor whose bid exceeded $89,940.

The chief procurement officer, after notice and a hearing, affirmed the award of the contract to Logan. On appeal, the South Carolina Review Panel (Panel) found that Logan's bid was unresponsive due to the failure to list a subcontractor for the steel work. The Panel reversed the award of the contract to Logan and ordered that the contract be re-awarded.

The Panel's decision was appealed to the circuit court. The court temporarily enjoined the re-award. After a hearing on the merits, the circuit court permanently enjoined any re-award of the contract, affirmed the Panel's findings of fact and conclusions of law, and modified the Panel's order as to the remedy to be granted. Under the circuit court's order, Logan was required to remit to FMC the sum of $5,787. Logan appealed.

The appeal from the Panel to the circuit court was governed by the Administrative Procedure Act. S. C. Code Ann. § 1-23-380 (1976, as amended). We agree with the circuit court that there is substantial evidence to support the Panel's decision that Logan negligently or intentionally failed to list subcontractors in accordance with S. C. Code Ann. § 11-35-3020 (1976, as amended) and that therefore Logan's bid was nonresponsive. It is irrelevant that the bidder may have had plans to gather additional bids in the future in such a manner that, according to the bidder's own in-house estimate, the subcontractor's bids would not have exceeded the threshold amount.

We agree further that there was substantial evidence on which the circuit court could uphold the Panel's determination that the May 15, 1985 amendment to S. C. Code Ann. § 11-35-4210 (1976, as amended) should apply even though the protest was filed on May 1, 1985. The right to protest an award of a contract was created in the South Carolina

Consolidated Procurement Act. 1981 S. C. Acts 661. This Act was codified at S. C. Code Ann. §§ 11-35-10 through 11-35-5270 (1976, as amended). The amendment to this Act, 1985 S. C. Acts 344, merely affected the remedies which could be granted.

Remedial or procedural statutes are generally held to operate retroactively. *Howard v. Allen*, 368 F. Supp. 310 (D.S.C. 1973), *aff'd*, 487 F. (2d) 1397 (4th Cir. 1973), *cert. denied*, 417 U. S. 912, 94 S. Ct. 2611, 41 L. Ed. (2d) 216 (1974); *Hercules, Inc. v. South Carolina Tax Commission*, 274 S. C. 137, 262 S. E. (2d) 45 (1980). The Panel determined that the 1985 amendment to S. C. Code Ann. § 11-35-4210 (1976, as amended) was curative or remedial and should apply retroactively. Construction of a statute by the agency charged with executing it is entitled to most respectful consideration and should not be overruled without cogent reasons. *Faile v. South Carolina Employment Security Commission*, 267 S. C. 536, 230 S. E. (2d) 219 (1976). The circuit court correctly determined that the remedies provided in the 1985 amendment to S. C. Code Ann. § 11-35-4210 (1976, as amended) can be applied retroactively.

Lastly, we agree with the remedy effectuated by the circuit court. Logan's bid on the project was based on its own in-house estimate of $151,500 for the steel work. After submitting its bid, Logan subcontracted that portion of the job for $5,787 less. That savings of $5,787 would have been passed on to FMC had Logan solicited the subcontractor's bids on the steel package before bid day. The circuit court found that the Panel's remedy of re-awarding the contract was an unwarranted exercise of discretion under S. C. Code Ann. § 1-23-380(g) (6) (1976, as amended). The circuit court determined that a re-award of the contract was excessive in relation to the violation, especially considering the rights and liabilities of FMC. We agree with the circuit court that requiring Logan to remit the $5,787 gain realized by its failure to observe to proper bid procedure is a more suitable remedy.

Affirmed.

NESS, C. J., and GREGORY and FINNEY, JJ., concur.

CHANDLER, J., not participating.