22642

CITIZENS COMMITTEE FOR JOHN'S ISLAND; and Henry Minshew and Andrew Jackson, Individually, and as Chairman and Vice Chairman of said Committee; and all Elector and Freeholder Signatories/Petitioners below, Appellants v. THE OFFICE OF THE SECRETARY OF SOUTH CAROLINA and John T. Campbell, in his capacity as Secretary of State of South Carolina, Respondents, and The City of Charleston, Intervenor-Respondent.

(351 S. E. (2d) 342)

Supreme Court

*Craig K. Davis,* of *Davis & Lavender;* and *John J. Fantry, Jr.,* Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Treva G. Ashworth* and *Charles W. Gambrell, Jr.,* Columbia, *for respondents.*

*William B. Regan,* of *Regan & Williams;* and *Frances I. Cantwell,* Charleston, *for intervenor-respondent.*

Heard Nov. 18, 1986.

Decided Dec. 15, 1986.

CHANDLER, Justice:

This action involves the interpretation of S. C. Code Ann. § 5-1-30 (1976), which defines the rights of a community to incorporate as a municipality. The Circuit Court held that under its terms, territory within five miles of an existing incorporated municipality may not incorporate independently unless the electorate of the municipality has refused to annex the area.

We affirm.

## FACTS

The appellants, members of the Citizens Committee for John's Island (Islanders), are residents of John's Island in Charleston County. In October 1984, they filed a petition with the City of Charleston for annexation pursuant to S. C. Code Ann. § 5-3-20 (1976). The area of John's Island described in the petition is contiguous to Charleston and its population does not exceed 15,000.

At an election held in April 1985, Charleston voters approved annexation. Electors of John's Island, however, voted against annexation by Charleston. Thereafter, the Islanders petitioned the Secretary of State for permission to hold an election to determine whether John's Island should incorporate as an independent municipality.

The Secretary of State refused to permit an election, ruling that the requirements of § 5-1-30 were not satisfied. The Islanders petitioned the Circuit Court for injunctive relief. The City of Charleston intervened. It, along with the Secretary of State, filed motions to dismiss. The Circuit Court held the Secretary of State had interpreted § 5-1-30 properly and dismissed the action.

### DISCUSSION

Section 5-1-30 provides in pertinent part: Prior to the issuance of a corporate certificate to any proposed municipality, the Secretary of State shall first determine that ... no part of such area is within five (5) miles of the boundary of any active incorporated municipality; ... *provided*, however that when any such area shall have petitioned ... to the nearest incorporated municipality to be annexed thereto, and *shall have been refused such annexation by the incorporated municipality* for a period of six months, or when the population of the area seeking incorporation exceeds fifteen thousand persons, then the five (5) mile limitation of this section shall not apply to such area. [Emphasis supplied].

All parties agree with the statement in the Islanders' brief that § 5-1-30 balances competing interests and is designed to avoid "a proliferation of small, closely situated municipalities which would, in turn, both create a hodgepodge or patchwork of inefficient, small governments and simultaneously preclude an orderly growth and expansion process by already established governmental communities."

The Circuit Court held the terms of the statute were not satisfied because John's Island had not been refused annexation *by Charleston voters*. The Islanders contend that, because John's Island voted against the proposal, annexation effectively was "refused" within the meaning of the statute.

In construing a statute, the language must be given its plain and ordinary meaning. *Merchant Mut. Ins. Co. v. S. C.*

*Second Injury Fund,* 277 S. C. 604, 291 S. E. (2d) 667 (1982); *Worthington v. Belcher,* 274 S. C. 366, 264 S. E. (2d) 148 (1980). Where there is no ambiguity, words should not be added to or taken from the statute. *Hartford Accident and Indemnity Co. v. Lindsay,* 273 S. C. 79, 254 S. E. (2d) 301 (1979).

Here, the Islanders have attempted to create an ambiguity where none exists. Under the statute it is clear that the vote of the incorporated municipality *alone* is relevant in determining whether annexation has been "refused." To adopt the Islanders' construction would frustrate the conceded purpose of § 5-1-30.

Affirmed.

NESS, C.J., and GREGORY, HARWELL and FINNEY, JJ., concur.