1139

CHARLESTON COUNTY SCHOOL DISTRICT, Appellant v. Hugh LEATHERMAN, Luther Taylor, Grady L. Patterson, Jr., Nikki G. Setzler, Harriette G. Shaw, Steve Bilton, Jules J. Hesse, Jeffrey Rosenblum, as officers and members of the South Carolina Procurement Review Panel; South Carolina Procurement Review Panel; Governor Richard W. Riley, Grady L. Patterson, Jr., Earle E. Morris, Jr., Rembert C. Dennis, Tom G. Mangum, and William T. Putnam, as officers and members of the South Carolina Budget and Control Board, Division of General Services; and South Carolina Budget and Control Board, a Division of General Services, Respondents.

(368 S. E. (2d) 76)

Court of Appeals

*Daniel T. Brailsford,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for appellant.*

*William Hogan Brown, Helen T. McFadden, Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Charles W. Gambrell, Jr.,* Columbia, *for respondents.*

Heard March 21, 1988.

Decided April 11, 1988.

CURETON, Judge:

Charleston County School District appeals from the rejection of its proposed procurement code by the Division of General Services of the Budget and Control Board. The District submitted the proposed code to the Division of General Services for approval pursuant to *S. C. Code Ann.* Section 11-35-70 (1986). General Services did not approve the proposed code because it found the proposed code was not "substantially similar" to the South Carolina Consolidated

Procurement Code (*S. C. Code Ann.* Sections 11-35-10 to
-5270) due to the small purchase limit in the proposed code.
This decision was affirmed by the South Carolina Procure-
ment Review Panel. The School District filed a complaint in
circuit court seeking a reversal of the decision of the Pro-
curement Review Panel. The trial court affirmed the Review
Panel. The District has appealed the decision of the circuit
court. We affirm.

The record indicates General Services rejected the Dis-
trict's proposed procurement code because the One Thou-
sand Dollar ($1,000) small purchase limit in it did not
comply with the Five Hundred Dollar ($500) small purchase
limit in Budget and Control Board Regulation 19-445.2100.
The Panel held the regulations concerning competitive pric-
ing were an integral part of the Consolidated Procurement
Code. On appeal to the circuit court the District argued the
Consolidated Procurement Code by its terms did not contain
a $500 small purchase limit and the District was not re-
quired to comply with an administrative regulation on small
purchase limits.

The appeal from the Panel to the circuit court was gov-
erned by the Administrative Procedure Act. *William C.
Logan and Assoc. v. Leatherman,* 290 S. C. 400, 351 S. E. (2d)
146 (1986). The order of the Review Panel contained certain
factual findings which do not appear to have been chal-
lenged in the circuit court and were not excepted to on
appeal to this court. Specifically, the record indicates the
District makes sixteen thousand (16,000) purchases per year
of which eighty-four percent (84%) are under $500. Approx-
imately 2,200 purchases are between $500 and $1,000 and
approximately 300 purchases are above $1,000. Under the
current procedure 98% of the purchases take place without
bidding because they fall under the $1,000 level. Two persons
operate the District's procurement office and both are cer-
tified specialists in procurement. The District offered no
evidence that adoption of a $500 limit on small purchases
would be an onerous burden on present personnel. No evi-
dence was presented that it would require more personnel or
that the $500 limit would result in lower efficiency and
greater cost for purchases.

The crux of the District's argument is that Section

11-35-70 requires the procurement code of the District to be substantially similar to the South Carolina Consolidated Procurement Code but not to the regulations promulgated under the Code. Section 11-35-70 utilizes the phrase "substantially similar to the provisions of the South Carolina Consolidated Procurement Code." The word "regulations" does not appear in the text of the section. *S. C. Code Ann.* Section 11-35-1550 (1986) deals with small purchases. It provides, in relevant part, that "[a]ny procurement not exceeding the dollar amounts established in regulation and updated periodically by the board may be made by governmental bodies in accordance with small purchase procedures promulgated by the board."

The primary rule of statutory construction requires that legislative intent must prevail if it can reasonably be discovered in the language used construed in light of the intended purpose. Additionally, sections which are part of the same general statutory law of the state should be construed together and each given effect if it can be done by any reasonable construction. *Smalls v. Weed,* 293 S. C. 364, 360 S. E. (2d) 531 (Ct. App. 1987); *cf. Multi-Cinema Ltd. v. S. C. Tax Comm.,* 292 S. C. 411, 357 S. E. (2d) 6 (1987).

Section 11-35-20 defines the purposes and policies of the South Carolina Consolidated Procurement Code. Subsections (c) and (g) point to the fundamental purpose of fostering competition for public procurement. This code section clearly specifies the legislative intent to provide a system of competitive procurement laws. Section 11-35-1520(1) states that contracts amounting to $2,500 or more shall be awarded by competitive sealed bidding except in certain specified situations. One of the specified situations is the small purchase area. *S. C. Code Ann.* Sections 11-35-1510(6) and 11-35-1550 (1986). As previously stated, Section 11-35-1550 regarding small purchases refers to adopted regulations and procedures although no specific dollar amounts are contained in the statute.

The parties agree Budget and Control Board Regulation 19-445.2100 was in effect when Section 11-35-70 was passed to include certain school districts within the application of the Consolidated Procurement Code. Previously, school districts were not subject to the CPC. *S. C. Code Ann.* Section

11-35-310(18) (1986). The legislature must be presumed to have been aware of Regulation 19-445.2100 and Section 11-35-1550 when Section 11-35-70 was passed.

It is consistent with the legislative intent of providing a system of competitive procurement laws that the small purchase limit in Regulation 19-445.2100 should be applied to small purchases in the proposed procurement code of the District. Under the facts of this case, a contrary determination would permit approximately 98% of the purchases of the District to escape the competitive procurement system. Further, the District has presented no evidence of prejudice to it by application of the limit.

The decision of the circuit court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.