24259

Thurmond GLOVER by his Guardian ad Litem, Max B. CAUTHEN, Jr., Respondent v. SUITT CONSTRUCTION COMPANY, Employer, and The Aetna Casualty & Surety Company, Carrier, Appellants.

(458 S.E. (2d) 535)

Supreme Court

*Jack D. Griffeth* of *Love, Thornton, Arnold and Thomason,* Greenville, *for appellants*

*John Leslie Smith* and *Robert M. Holland,* Spartanburg, *for respondent.*

*Ronald J. Jebaily* of *Jebaily and Glass,* Florence, *for amicus curiae, S.C. Trial Lawyers.*

*W. Hugh McAngus* of *Turner, Padget, Graham, and Laney,* Columbia, *for amicus curiae, S.C. Defense Trial Attorneys' Ass'n.*

Heard April 19, 1995.

Decided June 19, 1995, Reh. Den. July 13, 1995.

WALLER, Justice:

The sole issue in this Worker's Compensation case is whether lump sum attorney's fees may be awarded when an injured employee is awarded lifetime benefits. We hold that they may and, accordingly, affirm the ruling of the trial court.

## FACTS

Respondent, Thurmond Glover (Glover), suffered permanent brain damage when he fell from a 12' ladder while working as a laborer for Appellant, Suitt Construction Co. (Employer). He was found totally and permanently disabled by the Single Commissioner and, due to his physical brain damage,[1] was awarded lifetime benefits of $146.67 per week. Glover was 48 years old at the time of the injury and, according to the mortality tables,[2] his life expectancy as of the hearing date was 25.36 years. Using these figures, the present day value of Glover's award is $189,549.84.[3]

Glover requested his benefits be paid in a lump sum and, alternatively, requested his attorneys be paid a lump sum con-

---

[1] S.C. Code Ann. § 42-9-10 (1985) eliminates the 500 week cap on compensation for total, permanent disability due to physical brain damage, or when the injury renders the claimant paraplegic of quadraplegic.

[2] S.C. Code Ann. § 19-1-150 (1976).

[3] We find the mortality tables provide an adequate basis upon which to determine the present day value. *Accord Prestressed Systems v. Goff,* 486 so. 2d 1378 (Fla. 1986) (mortality tables may appropriately be employed to appraise value of anticipated benefits).

tingency fee of one-third of the award, or $63,183.28. The Single Commissioner declined to permit Glover to receive a lump sum, but approved payment of his attorney's fees in a lump sum, to be deducted from the end of Glover's award of lifetime benefits. The Full Commission and Circuit Court affirmed.

## ISSUE

May the Worker's Compensation Commission award lump sum attorney's fees when an injured claimant is awarded lifetime benefits?

## DISCUSSION

Employer asserts the Commission is without authority to approve payment of lump-sum attorney's fees to a claimant who is awarded lifetime benefits. We disagree.

The Industrial Commission is empowered to promulgate rules and regulations necessary to implement the provisions of the workers' compensation laws of this State. S.C. Code Ann. § 42-3-30 (1995). The Commission has enacted Regulation 67-1207, "Collection of Attorney's Fee in a lump sum," which provides, in part:

> A. If the claimant receives an award or settlement of more than one hundred weeks that is not to be paid in a lump sum, . . . . the attorney may request collection of the commuted value of his or her approved fee directly from the employer's representative. . . .
> B. (2) The amount of each payment claimant receives shall not be altered or interrupted. The attorney's fee is deducted from the end of the award.

S.C. Code Ann. § 42-9-10 (1985) governs payment of compensation for total disability. It provides, in pertinent part:

> Notwithstanding the five hundred week limitation prescribed in this section . . . , any person determined to be totally and permanently disabled who as a result of a compensable injury . . . has suffered physical brain damage is not subject to the five hundred a week limitation and shall received such benefits for life.

Notwithstanding the provision of § 42-9-301 [lump sum payments], not total lump sum payment may be ordered by the commission in any case under this section where the injured person is entitled to lifetime benefits (Emphasis supplied).

Employer contends § 42-9-10 prohibits Commission from awarding any lump sum benefit, including attorney's fees, where an injured employee receives a lifetime award. We disagree.

Courts must apply the terms of a clear and unambiguous statute according to their literal and ordinary meaning. *Lail v. Richland Wrecking Company, Inc.*, 280 S.C. 532, 313 S.E. (2d) 342 (Ct. App. 1984). The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons. *Captain's Quarters v. S.C. Coastal Council*, 306 S.C. 488, 413 S.E. (2d) 13 (1992). Regulations authorized by the legislature have the force of law. *Faile v. S.C. Employment Security Commission*, 267 S.C. 536, 230 S.E. (2d) 219 (1976). The primary rule of statutory construction requires that legislative intent prevail if it can reasonably be discovered in the language used construed in light of the intended purpose. Sections which are part of the same general statutory law of the state should be construed together and each given effect if it can be done by any reasonable construction. *Charleston County School Dist. v. Lealtheman*, 295 S.C. 264, 368 S.E. (2d) 76 (Ct. App. 1988).

The statute and regulation, when read together, clearly evince a legislative intent to permit recovery of lump sum attorney's fee to any claimant who receives benefits in excess of one hundred weeks.

Employer concedes attorney's fees may be paid by lump sum where there has been a specific award, for example 500 weeks, because such an award is a definite and ascertainable amount on which to calculate an attorney's fee. However, it suggests that an award of lifetime benefits is contingent and the employee may die prior to the life expectancy in the mortality tables, thereby reducing the attorney's entitlement to fees. To accept this contention would lead to the absurd result that attorneys who obtain lifetime benefits for a client may re-

ceive less compensation, over a longer period of time, than attorneys who obtain fewer benefits for a client. Moreover, should an employee who is awarded lifetime benefits die, for example, one week after receiving a $146.00 per week award, under Employer's theory the attorney entitled to a one-third contingency fee would receive only $48.87 notwithstanding the attorney may have, as in the present case, spent five years pursuing the employee's claim. We agree with the trial court that this result would have a tremendous chilling effect on the ability of the most severely injured employees to obtain the services of adequate counsel. *See Corson v. Brown Products*, 120 N.H. 665, 421 A. (2d) 1005 (1980) (it makes little sense to force an attorney to receive compensation for services already rendered over what may conceivably amount to an extended and unreasonable period of time. Such an interpretation would countermand public policy and discourage attorneys from handling workmen's compensation claims).

We decline to interpret the statute and regulation in a manner which would lead to such an incongruous result. Accordingly, we hold the Commission may properly approve lump sum attorney's fees to claimants awarded lifetime benefits,to be deducted from the end of the claimant's award pursuant to Reg. 67-1207.[4] The judgment below is

Affirmed.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[4] Employer contends our interpretation of § 42-9-10 will permit the Commission to order partial lump sum **benefits** to a claimant awarded lifetime benefits, a result clearly not intended by the legislature. The sole issue presently before this Court is lump sum payment of **attorney's fees** and, accordingly, we decline to address Employer's contention. In any event, if, as Employer suggests, the statute and Regulation may be so construed, the matter is one for the General Assembly.