675 S.E.2d 450

**Stanley D. FLOYD, Deceased Employee, Appellant/Respondent,**

v.

**C.B. ASKINS & CO. CONTRACTORS, Employer, and AIU Insurance Company, Carrier, Respondents/Appellants.**

No. 4500.

Court of Appeals of South Carolina.

Heard Dec. 12, 2008.

Decided Feb. 10, 2009.

Withdrawn, Substituted and Refiled March 24, 2009.

86

Steve Wukela, Jr., of Florence, for Appellant/Respondent.

Peter H. Dworjanyn, Christian Stegmaier, and Amy L. Neuschafer, all of Columbia, for Respondents/Appellants.

KONDUROS, J.:

The widow of Stanley D. Floyd (Claimant), Harriett A. Floyd, appeals the circuit court's ruling limiting her husband's workers' compensation award upon his death from an unrelated cause. C.B. Askins & Co. Contractors and its insurer, AIU Insurance Company, (collectively Carrier) cross-appeal the circuit court's failure to deduct attorney's fees from Claimant's award pursuant to an agreement between the parties. We affirm in part and reverse in part.

## FACTS

Claimant received a serious, physical brain injury when he was involved in a bulldozer accident while employed with C.B. Askins & Co. Contractors. The parties stipulated Claimant was permanently and totally disabled pursuant to section 42–9–10 of the South Carolina Code (Supp.2008), and he was awarded benefits for the remainder of his life. Claimant's remaining life expectancy was determined to be 18.99 years meaning he was awarded benefits for 987.48 weeks. The parties also agreed by consent order Carrier would pay the sum of $57,500 in attorney's fees to be deducted from the end

of Claimant's award pursuant to *Glover by Cauthen v. Suitt Construction Co.*, 318 S.C. 465, 458 S.E.2d 535 (1995). Claimant received 254 weeks of benefits but then died from an unrelated aneurism in his abdomen.

Upon Claimant's death, Mrs. Floyd claimed she was entitled to the balance of 987.48 weeks compensation pursuant to section 42–9–280 of the South Carolina Code (1985). Section 42–9–280 provides the next of kin of a claimant who dies from an unrelated injury may receive the balance of unpaid compensation if the award was made pursuant to the second paragraph of section 42–9–10 or section 42–9–30 of the South Carolina Code (Supp.2008). Also relying upon section 42–9–280, Carrier stopped payment of Claimant's benefits at the time of his death. However, prior to the hearing before the single commissioner, Carrier acceded Mrs. Floyd should receive the balance of five-hundred weeks' compensation.

The single commissioner found Mrs. Floyd was entitled to the commuted value of the balance of Claimant's lifetime award minus a credit for attorney's fees paid by Carrier. The Appellate Panel affirmed the payment of benefits, but limited the amount to the balance of five-hundred weeks. Claimant appealed. The circuit court affirmed the Appellate Panel and found Carrier was not allowed a credit for attorney's fees.

On appeal to this court, Mrs. Floyd contends she is entitled to the full balance of 987.48 weeks of compensation. Carrier cross-appeals claiming the circuit court erred in failing to award it credit for attorney's fees as provided for in the consent order between Claimant and Carrier.

## STANDARD OF REVIEW

An appellate court may not substitute its judgment for that of the appellate panel as to the weight of the evidence on questions of fact, but may reverse when the decision is affected by an error of law. *Libery Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 299 (Ct.App. 2005). Statutory interpretation is a question of law. *Stewart v. Richland Mem'l Hosp.*, 350 S.C. 589, 593, 567 S.E.2d 510, 512 (Ct.App.2002).

## LAW/ANALYSIS

### I. Compensation to Mrs. Floyd

 Mrs. Floyd argues she is entitled to the balance of compensation remaining on Claimant's lifetime award. We disagree.

Section 42–9–10 of the South Carolina Code (Supp.2008) is composed of four paragraphs, (A)-(D). Paragraph (A) limits a claimant's award to a maximum of five-hundred weeks even for total, permanent disability. Paragraph (B) provides "[t]he loss of both hands, arms, shoulders, feet, legs, hips, or vision in both eyes, or any two thereof, constitutes total and permanent disability to be compensated according to the provisions of this section." Consequently, an injury listed in Paragraph (B) would entitle the claimant to the maximum allowable award of five-hundred weeks.

Paragraph (C) provides the only exception to this limitation.

Notwithstanding the five-hundred-week limitation prescribed in this section or elsewhere in this title, any person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, a quadriplegic, or who has suffered physical brain damage is not subject to the five-hundred-week limitation and shall receive the benefits for life.

*Id.*

Section 42–9–280 of the South Carolina Code (1985) addresses situations like the one in this case in which an injured claimant later dies from a cause unrelated to the workplace injury.

When an employee receives or is entitled to compensation under this Title for an injury covered by the second paragraph of § 42–9–10 or 42–9–30[ [1]] and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support,

---

1. This section addresses injuries to scheduled members.

in lieu of the compensation the employee would have been entitled to had he lived.

§ 42–9–280.

In *Stone v. Roadway Express,* 367 S.C. 575, 627 S.E.2d 695 (2006), our supreme court addressed the interpretation of this statute and elucidated the basis for the operation of these statutes together. In *Stone,* the claimant was found to be permanently and totally disabled pursuant specifically to section 42–9–10(A). 367 S.C. at 583 n. 1, 627 S.E.2d at 698 n. 1. Upon Stone's death from an unrelated cause, Stone's widow contended she was entitled to the balance of her husband's benefits. Id. at 578, 627 S.E.2d at 696. The court stated:

> The language of § 42–9–280 is plain. The legislature, as is its prerogative, determined that dependent survivors should receive all benefits due an injured worker who lost the use of a scheduled member (§ 42–9–30), or "lost both hands, arms, feet, legs, or vision in both eyes, or any two thereof" (second paragraph of § 42–9–10), i.e., those who suffered a physical loss, while the dependents of a person totally disabled for another reason, i.e., one who suffered a wage loss compensated under the first paragraph of § 42–9–10, should not. The legislative distinction between "physical loss" and "wage loss" appears in other workers' compensation statutes as well.

> Professor Larson notes that since a compensation award, unlike a tort award, is a personal one based on the employee's need for a substitute for lost wages and earning capacity, in the absence of a special statutory provision, heirs have no claim to unaccrued weekly payments. In construing a workers' compensation statute, "the words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." Section 42–9–280 specifically provides for the inheritability of two types of awards only.

*Stone,* 367 S.C. at 585–86, 627 S.E.2d at 700 (internal citations omitted).

In the present case, Claimant's injury was serious and catastrophic. However, his award was made pursuant to paragraph (C) of section 42–9–10. Section 42–9–280 does not

include awards made under paragraph (C) among those that survive a claimant's death from an unrelated cause.

Section 42–9–10(A), at issue in *Stone,* focuses on situations in which a claimant's "incapacity for work resulting from an injury is total." Likewise, paragraph (C) seems to focus on a claimant's inability to earn a wage as opposed to a physical loss. The statute conditions the lifetime award of benefits upon a finding of total and permanent disability. *See* § 42–9–10(C) ("[A]ny person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, a quadriplegic, or who has suffered physical brain damage . . . shall receive benefits for life.").

Claimants suffering catastrophic injuries like Claimant's may require specialized healthcare without the means to earn a wage. The award of compensation for a claimant's life expectancy seems to recognize this reality. If so, it is also logical benefits would terminate upon such a claimant's death from an unrelated cause.

■ Carrier does not appeal the circuit court's award of the balance of five-hundred weeks' compensation. Therefore, that ruling is the law of the case and is affirmed. *See First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct.App.1998) ("The unchallenged ruling, right or wrong, is the law of the case and requires affirmance.").

## II. Attorney's Fees

■ Carrier argues the circuit court erred in failing to credit attorney's fees to them when a consent order to that effect was entered into by the parties. We agree.

Deducting fees paid by a carrier to a claimant's attorney from the end of a lifetime award is proper under *Glover by Cauthen v. Suitt Construction Co.,* 318 S.C. 465, 458 S.E.2d 535 (1995). This was the arrangement agreed to by the parties via consent order. Mrs. Floyd argues the consent order only applied if Claimant was receiving lifetime compensation. Therefore, she contends, when Carrier agreed only to payment of the balance of five-hundred weeks' compensation, the consent order became inapplicable. This position is unpersuasive.

We recognize Claimant's untimely passing and other circumstances in this case changed his compensation from a lifetime award to one of a fixed duration; however, we do not believe that negates the agreement by the parties regarding the credit of attorney's fees.[2] According to the record and statements at oral argument, slightly more than 126 weeks of compensation is owed to Mrs. Floyd. Therefore, Carrier owes sufficient money to permit the credit without requiring any reimbursement from Mrs. Floyd.[3] Consequently, we find Carrier is entitled to a credit for attorney's fees paid on behalf of Claimant.

## CONCLUSION

Based upon the precedent set forth in *Stone* and a plain reading of the relevant statutes, we find Mrs. Floyd is not entitled to the balance of her husband's lifetime benefits. Because the award of the balance of five-hundred weeks' compensation is not appealed, we affirm that finding as it is the law of the case.

With respect to attorney's fees, we reverse the circuit court because the allowance of a credit for attorney's fees, pursuant to the agreement of the parties and the circumstances of this case, is appropriate. Therefore, the order of the circuit court is

**AFFIRMED IN PART AND REVERSED IN PART.**

HEARN, C.J., and SHORT, J., concur.

---

2. A claimant and a carrier may agree that the claimant's attorney's fees, paid by the carrier, will be deducted from an award of a fixed duration greater than one hundred weeks. *See id.* at 469, 458 S.E.2d at 538 (finding section 42–9–10 and 25A S.C.Code Ann. Regs. 67–1207 (1982), when read together, permit the lump sum award of attorney's fees).

3. We are not called upon to consider whether repayment of attorney's fees may be required when the credit for attorney's fees is greater than the amount due the claimant; thus, we decline to do so.