**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Herman Holcomb, Respondent,

v.

City of North Augusta and Mayor and City Council of North Augusta, Appellants.

Appellate Case No. 2020-000080

———————

Appeal From Aiken County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-158
Submitted February 1, 2023 – Filed April 19, 2023

———————

**REVERSED**

———————

Danny Calvert Crowe, of Crowe LaFave, LLC, of Columbia, for Appellants.

Dione Cherie Carroll, of Carroll Law Offices, PA, of Aiken, for Respondent.

B. Eric Shytle, of Columbia, for Amicus Curiae Municipal Association of South Carolina.

———————

**PER CURIAM:**  The City of North Augusta (the City) appeals a circuit court order holding the City violated a provision of the Freedom of Information Act (FOIA) restricting public bodies from adding to a meeting's "agenda."[1]  The circuit court enjoined the City from future similar violations and required the City to pay attorney's fees.  We reverse.

We agree with the City's argument that the circuit court misinterpreted the word "agenda" and failed to apply its plain and ordinary meaning.  *See Worthington v. Belcher*, 274 S.C. 366, 368, 264 S.E.2d 148, 149 (1980).  ("Words used in a statute are to be given their plain and ordinary meaning.").  The common understanding of the term "agenda" is a list of items to be considered.  *See Agenda*, *Black's Law Dictionary* (11th ed. 2019) (defining agenda as, "A list of things to be done, as items to be considered at a meeting, usu[ally] arranged in order of consideration"); *Lee v. Thermal Eng'g Corp.*, 352 S.C. 81, 91-92, 572 S.E.2d 298, 303 (Ct. App. 2002) ("Where a word is not defined in a statute, our appellate courts have looked to the usual dictionary meaning to supply its meaning.").  As applied here, that definition dictates that the "agenda" for the meeting in question was the single page linked to the City's website entitled "Agenda 050718" containing a short list of items the City planned to consider at the meeting.

The respondent argues, and the circuit court found, that the City violated FOIA by considering a project that was not mentioned in a different document; a longer document named "Agenda 050718 Complete" and posted on the City's website.  We disagree.  The one-page agenda posted on the website and physically posted (as is required by section 30-4-80(A)) conspicuously included "Resolution No. 2018-11 – A Resolution Identifying North Augusta Projects for the Aiken County Capital Projects Sales Tax IV."  The larger document contained supplementary information and background for different items on the agenda, including a list of proposed projects related to the sales tax resolution.  It is of course true that the City discussed a project for inclusion in the sales tax that was not listed in the longer document.  Still, this was not a change to the meeting's "agenda."  The agenda advertised that the City would consider projects related to the sales tax.  The discussion of this project was in precisely that context.

The respondent urges us to uphold the circuit court's order, but we think the respondent's interpretation of the term "agenda" and of section 30-4-80(A) fails for a few reasons.  First, if we were to adopt the respondent's position, we would be effectively holding that the City was required to pin all thirty-six pages of the longer

---

[1] S.C. Code Ann. § 30-4-80(A) (Supp. 2022).

document—with all of the supplemental information—to its bulletin board.  *See* S.C. Code Ann. § 30-4-80(A) (stating FOIA requires posting the agenda on a public bulletin board).  The City did not do this (as we already noted), and the respondent has never argued it should have done so.

Second, we are convinced that liability cannot attach based simply on the fact that the larger document was named "Agenda Complete."  The record contains various representations by the respondent that the City could have avoided liability by specifying that the shorter agenda was the true agenda and that the longer document was background information.  We are not aware of a common understanding of agenda that hinges on something's title, and we doubt the statute was meant to control how public bodies name documents (as opposed to relying on the common meaning of agenda).  As outlined above, we understand the term "agenda" to describe a list of things to be done such as items to be considered at a meeting.  We also understand agenda to not include background material, however it is labeled.

Third, we are concerned that after-the-fact evaluations such as the one conducted here would discourage public bodies from providing supplemental information.  Much of the argument below concerned whether this particular project was so significant that adding it to the discussion under an agenda item constituted a FOIA violation.  It can be difficult to predict "importance" beforehand, and the public often has varying opinions about what is important.  A prudent public body would no doubt err on the side of not providing background information before meetings so it could avoid any threat of litigation, but that would thwart rather than forward, FOIA's purpose.  *See* S.C. Code Ann. § 30-4-15 (2007) (explaining FOIA is intended to increase the transparency of public bodies); *Charleston Cnty. Sch. Dist. v. State Budget & Control Bd.*, 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature.").

This holding dictates that we also reverse the circuit court's injunction prohibiting future similar violations and its award of attorney's fees.  For these reasons, the circuit court's order is

**REVERSED.**[2]

**THOMAS, MCDONALD, and, HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.