632 S.E.2d 874

Samuel Clint THOMPSON, Appellant/Respondent,

v.

SOUTH CAROLINA STEEL ERECTORS, Employer, American Interstate Insurance, Carrier, Respondents/Appellants.

No. 4109.

Court of Appeals of South Carolina.

Heard March 8, 2006.
Decided May 1, 2006.
Rehearing Denied July 5, 2006.

608

Thomas W. Greene, of Charleston, for Appellant–Respondent.

Stanford E. Lacy and Suzanne C. Boulware, of Columbia, for Respondents–Appellants.

KITTREDGE, J.:

We are presented with cross-appeals from a workers' compensation claim filed by Samuel Clint Thompson against his employer, South Carolina Steel Erectors and its insurance carrier, American Interstate Insurance (collectively referred to as American Interstate). Thompson was paralyzed in a work-related accident and awarded benefits. Thompson sought a partial lump sum payment from his lifetime benefits to construct a house, as well as additional payments for exercise equipment and modifications to this house necessitated by his injuries. The modifications would make the proposed home habitable for a paraplegic. The single commissioner awarded Thompson relief on all counts. An appellate panel of the Workers' Compensation Commission (the Commission) affirmed the award of the partial lump sum payment

and the funds for exercise equipment but denied the payment for the modifications. The circuit court affirmed the Commission. Both parties appeal. We affirm the Commission to the extent it awarded Thompson relief, and we reverse the Commission's denial of Thompson's request for funds to modify the house to accommodate his paraplegia.

## FACTS

Thompson worked as a welder with Steel Erectors. While Thompson was hanging a 3000 pound beam, its rigging broke. The beam hit Thompson, knocking him to the concrete floor 30 feet below. Thompson suffered a spinal cord injury resulting in paraplegia. Steel Erectors admitted liability for the accident and American Interstate began paying weekly benefits of $507.34, as well as $1,000 per month to Thompson's wife to aid with his care.

Thompson is married with two children, ages five and six. At the time of the accident, the Thompson family rented a home from Thompson's uncle for $200.00 per month, well below the monthly market rate of approximately $600.00. American Interstate paid approximately $35,000 for modifications to the rental home to accommodate Thompson's special needs.

Thompson filed a claim with the Workers' Compensation Commission for total general disability with lifetime benefits based upon his paraplegia pursuant to section 42–9–10 of the South Carolina Code (Supp.2005). He also requested a partial lump sum payment from his lifetime benefits for the construction of a new home for the family. Thompson sought additional money to upfit the new home to render it habitable for a paraplegic.

American Interstate admitted the facts of Thompson's injury and his disability, but opposed the requests for a partial lump sum payment and other funds. As the hearing commenced, American Interstate stipulated to Thompson's entitlement to lifetime benefits under section 42–9–10.

The single commissioner awarded Thompson lifetime benefits of $507.34 per week. The commissioner also ordered American Interstate to pay $150,300 as a lump sum for the new home, to be deducted from the "back end" of Thompson's

future benefits. The commissioner found he was empowered to make an award of a partial lump sum pursuant to *Glover v. Suitt Construction Company*, 318 S.C. 465, 458 S.E.2d 535 (1995), and *Cox v. BellSouth Telecommunications*, 356 S.C. 468, 589 S.E.2d 766 (Ct.App.2003), *cert. denied*, (Apr. 7, 2005). Next, the commissioner awarded Thompson $83,700.00 for upfitting the new home to accommodate his special needs. Finally, the commissioner ordered American Interstate to provide therapeutic and exercise equipment prescribed by Thompson's neurologist.[1]

The Commission affirmed the single commissioner's partial lump sum payment award, and also found that the amount should be deducted "from the 'back end' of Claimant's lifetime monetary benefits." Specifically, the Commission found the award: (1) was in the best interest of Thompson and his family; (2) represented approximately 13% of his future benefits given his life expectancy according to the South Carolina mortality tables; (3) did not constitute a hardship to American Interstate; and (4) was a reasonable amount. The Commission also affirmed the award requiring American Interstate to provide the equipment as prescribed.

The Commission, however, reversed the single commissioner's award of $83,700 for modifications. The Commission found that because American Interstate previously spent $35,000 to upfit Thompson's rented residence, "[u]p-fitting a new residence would be duplication and an abuse of discretion on the part of this Commission."

The circuit court affirmed the Commission's order. On appeal, Thompson challenges the Commission's denial of his request for funds for upfitting the new home, while American Interstate challenges the partial lump sum payment award.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). "In workers' compen-

---

1. Neither the upfitting award nor the funds for the therapeutic and exercise equipment are to be deducted from Thompson's lifetime benefits.

sation cases, the Full Commission is the ultimate fact finder." *Shealy v. Aiken County,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). In a typical appeal from the Commission, we review facts based on the substantial evidence standard. Under this approach, the appellate court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. S.C.Code Ann. § 1–23–380(A)(6) (2005). The appellate court may reverse or modify the Commission's decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Id.* "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached." *Shealy,* 341 S.C. at 455, 535 S.E.2d at 442.

The Workers' Compensation Act sets forth a special standard for review of lump sum payments: "Upon a finding by the commission that a lump sum payment should be made, the burden of proof as to the abuse of discretion in such finding shall be upon the employer or carrier in any appeal proceedings." S.C.Code Ann. § 42–9–301 (1985). Therefore, we review the partial lump sum award for an abuse of discretion. An abuse of discretion occurs if the Commission's findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law. *Steinke v. S.C. Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 398, 520 S.E.2d 142, 155 (1999).

## LAW/ANALYSIS

Thompson appeals the Commission's denial of his request for the funds needed to upfit the new home to accommodate his paraplegia. American Interstate's cross-appeal raises numerous issues challenging the partial lump sum payment award, payment for the prescribed equipment, and the requirement that the lump sum payment be deducted from the "back end" of Thompson's lifetime benefits. We first consider American Interstate's appeal.

# I.

## American Interstate's Appeal

### A. Partial Lump Sum Award

American Interstate contends the Commission erred in awarding Thompson a partial lump sum payment from his lifetime benefits. It maintains the award: (1) should not be permitted until Thompson has been conclusively determined to be totally and permanently disabled; (2) is prohibited by the Workers' Compensation Act; and (3) is not in Thompson's best interest.

#### 1. Finding of Disability

█ Section 42-9-10 governs the payment of workers' compensation benefits for total disability. It allows "any person determined to be totally and permanently disabled who as a result of a compensable injury is a paraplegic, . . . [to] receive the benefits for life." S.C.Code Ann. § 42-9-10 (Supp.2005).

█ American Interstate contends the Commission erred in awarding a partial lump sum from Thompson's lifetime benefits when it has not been conclusively proven that Thompson is entitled to lifetime benefits. This issue is not preserved for review on appeal, as it was not raised before the Commission or the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). Not only did American Interstate fail to challenge Thompson's entitlement to lifetime benefits, American Interstate stipulated to Thompson's entitlement to the lifetime benefits award at the hearing before the single commissioner:

> **Thompson's Counsel:** First of all, since . . . there's not a contest about this I'm sure, but since there's no order in place confirming Mr. Thompson's entitlement to lifetime benefits under [42-9-10] by reason of the fact that he is a paraplegic as a result of his job accident, I'd like any order . . . to establish that for the record. . . .
>
> **American Interstate's Counsel:** We can address that now. We won't have an objection to that.

. . . .

**American Interstate's Counsel:** We'll stipulate to that.

**Commissioner:** So stipulated.

Because American Interstate stipulated to the award of life-time benefits under section 42–9–10, it may not complain about the award on appeal. "A stipulation is an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. Stipulations, of course, are binding upon those who make them." *Kirkland v. Allcraft Steel Co., Inc.,* 329 S.C. 389, 392, 496 S.E.2d 624, 626 (1998) (citations omitted).

### 2. Partial Lump Sum Payment from Lifetime Benefits

■ American Interstate next maintains the payment of a partial lump sum from Thompson's lifetime benefits award violates section 42–9–10 and is impossible to calculate or liquidate because it is contingent upon his survival.

Section 42–9–301 empowers the Commission to order lump sum payments:

> Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, when the employee so requests and the commission deems it not to be contrary to the best interest of the employee or his depen-dents, or when it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the commission. . . .

S.C.Code Ann. § 42–9–301 (1985). However, section 42–9–10 provides: "Notwithstanding the provisions of § 42–9–301, no *total* lump sum payment may be ordered by the commission in any case under this section where the injured person is entitled to lifetime benefits." (Emphasis added).

In *Glover v. Suitt Construction Company,* our supreme court determined that section 42–9–10 does not prohibit recov-ery of attorney's fees in a partial lump sum payment from a claimant's lifetime benefits. 318 S.C. 465, 469–70, 458 S.E.2d 535, 538 (1995). The court noted:

> Employer contends our interpretation of § 42–9–10 will permit the Commission to order partial lump sum **benefits**

to a claimant awarded lifetime benefits, a result clearly not intended by the legislature. The sole issue presently before this Court is lump sum payment of **attorney's fees** and, accordingly, we decline to address Employer's contention. In any event, if, as Employer suggests, the statute and Regulation may be so construed, the matter is one for the General Assembly.

*Id.* at 470 n. 4, 458 S.E.2d at 538 n. 4 (emphasis in original).

The court in *Glover* reasoned that the contingent nature of lifetime benefits—the fact they are only paid during the life of the claimant—should not prohibit the award of a partial lump sum for attorney's fees. *Id.* at 469–70, 458 S.E.2d at 538. The court explained that "the mortality tables provide an adequate basis upon which to determine the present day value." *Id.* at 467 n. 3, 458 S.E.2d at 537 n. 3.

This court had occasion to specifically address the question before us today, that is, whether section 42–9–10's prohibition against a "total lump payment" from the injured person's lifetime benefits precludes partial lump sum payments of lifetime benefits. *Cox v. BellSouth Telecommunications,* 356 S.C. 468, 589 S.E.2d 766 (Ct.App.2003), *cert. denied,* (Apr. 7, 2005). In *Cox,* we held this provision was "not intend[ed] to prohibit *partial* lump sum payments of lifetime benefits." *Cox,* 356 S.C. at 472, 589 S.E.2d at 768 (emphasis in original). We stated that "[p]ermitting partial lump sum payments provides the commission needed flexibility in lifetime benefits cases, flexibility it regularly exercises with respect to all other compensation awards, to ensure the best interests of the injured worker are protected." *Id.* at 472–73, 589 S.E.2d at 768–69.

We discern no reason to deviate from this court's prior holding allowing partial lump sum payments to lifetime benefits recipients. As found in *Cox:* "Had the General Assembly desired to eliminate all lump sum payments in lifetime benefits cases, it could have omitted the word 'total' from the provision, or it could have specifically provided that 'all' lump sum payments were prohibited." *Id.* at 472, 589 S.E.2d at 768.[2]

---

2.  American Interstate argues that the supreme court has effectively reversed our *Cox* precedent in *Stone v. Roadway Express,* 367 S.C. 575, 627 S.E.2d 695 (2006). In *Stone,* the court held that an employee's

We hold the Commission was empowered to award a partial lump sum payment from Thompson's lifetime monetary benefits award.[3]

### 3. Best Interest of Thompson

American Interstate next contends the payment of the lump sum award is not in the best interest of Thompson or his family. We find the Commission did not abuse its discretion in making the award to Thompson.

In determining whether to award a lump sum payment to a claimant, the Commission must consider whether the award will cause a hardship to the employer or carrier and whether the payment would be in the best interest of the claimant and his family. S.C.Code Ann. § 42–9–301 (1985). "Upon a finding by the commission that a lump sum payment should be made, the burden of proof as to the abuse of discretion in such finding shall be upon the employer or carrier in any appeal proceedings." *Id.*

The Thompsons were living in the uncle's rental home to save money, in hopes of ultimately purchasing their own home. The rental home was not intended to be a permanent home for

---

widow is not entitled to continue receiving benefits after the employee's death when the employee was receiving compensation under the first paragraph of section 42–9–10. *Id.* at 585, 627 S.E.2d at 700. The holding in *Stone* is grounded in a statute that governs the "payment of the unpaid balance of compensation" when the employee dies. S.C.Code Ann. § 42–9–280 (1985). Section 42–9–280 permits the payment of the unpaid balance of compensation to the "next of kin dependent" when the compensation was "for an injury covered by the second paragraph of § 42–9–10 or § 42–9–30." *Stone* has no application here, for Thompson is receiving lifetime benefits, and there is no claim of entitlement by a third party to Thompson's benefits. We believe the holding in *Cox*—authorizing the Commission under § 42–9–10 to award partial lump sum payments of lifetime benefits-remains binding precedent on this court.

**3.** American Interstate's policy arguments—that allowing a partial lump sum payment is tantamount to creating a life insurance account or a savings account for the claimant—were not specifically raised to nor ruled on by the Commission and are not preserved for our review on appeal. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

the Thompsons. The Thompsons had saved approximately $8,000 at the time of the accident. Further, there is evidence supporting the view that by moving to an adjoining county, the Thompson children would attend better schools. American Interstate provides no evidence indicating the award would be detrimental to Thompson or his family.

We find the record supports the Commission's determination that American Interstate failed to provide credible evidence to show the funds would be squandered or that the purpose for which Thompson sought the funds was wasteful or unreasonable. We conclude there is ample evidence to support the finding that a partial lump sum award is in Thompson's best interest. We affirm the finding that Thompson is entitled to lifetime benefits, that the Commission has authority to order the partial lump sum from this award for construction of the new home, and that American Interstate has failed to demonstrate that the Commission abused its discretion.

## B. Deduction from the "Back End"

American Interstate contends the Commission erred in finding the partial lump sum payment should be deducted from the "back end" of Thompson's lifetime monetary benefits award. This issue is not properly preserved for review on appeal.

American Interstate raised the issue as an exception to the Commission in its appeal from the single commissioner's ruling. However, the Commission never specifically addressed the issue of "how ... payments are to be 'deducted from the back end' as stated in the single commissioner's order." The Commission simply reiterated the requirement that the partial lump sum be deducted from the "back end" of Thompson's lifetime benefits. This reference fails to show that the Commission made a ruling sufficient for preservation. *See Noisette v. Ismail,* 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding an issue was not preserved for appellate review when the trial court did not explicitly rule on the appellant's argument). Beyond this, nothing in the record demonstrates the issue was raised to the circuit court on appeal. *See, e.g., United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 107, 413 S.E.2d 866, 869 (Ct.App.1992) (finding

that when the circuit court sitting in an appellate capacity does not address an issue and the party makes no motion pursuant to Rule 59(e), SCRCP, the alleged error is not preserved for further appellate review).

## C. Exercise and Therapeutic Equipment

■ American Interstate's final contention is that the Commission erred in requiring it to provide the equipment prescribed by Thompson's doctor. This issue is not preserved for appellate review. The circuit court found the award to be law of the case, specifically stating:

> The Single Commissioner ordered, [and] the Commission on Appeal sustained[,] [the finding that] "[t]he Employer shall provide or cause to be provided the exercise equipment and aquatic therapy prescribed by Dr. Bailey[.]" The Full Commission upheld this provision of [the single commissioner's] order. [American Interstate's] Specifications of Error do not take exception to this portion of the Order and, therefore, it is the law of the case. [American Interstate] must provide this equipment.

Finding nothing in the record to the contrary, we affirm this portion of the circuit court's order pursuant to Rule 220(b)(2), SCACR.

## II.

## Thompson's Appeal

### A. Refusal to Award Modifications to New Home

■ Thompson asserts the Commission erred in denying his request for the funds needed to upfit the new home to accommodate his special needs. We agree.

Initially, we address the applicable standard of review for this award. The initial award by the single commissioner for the upfit to the new home expressly provided that the "cost of these construction features shall not be deducted from Claimant's monetary benefits." Because the Commission cited an abuse of discretion standard when addressing the request for funds to upfit the home, it appears the Commission considered this request as one for a partial lump sum award. S.C.Code Ann. § 42–9–301. Here, however, the amount for the upfit,

while a lump sum in common parlance, is not part of (and is not to be deducted from) the benefits award. The statutory abuse of discretion standard, therefore, may not be applicable on this issue. Review of the Commission's decision here may fall under the general substantial evidence standard. We need not resolve this standard of review question, for we find the Commission committed legal error—the Commission's decision may not be sustained under either standard of review. We conclude that the Commission erred as a matter of law in awarding the lump sum payment for construction of the home, yet refusing to award funds sufficient to upfit the home to meet Thompson's special needs resulting from his paraplegia. *See Steinke v. S.C. Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 398, 520 S.E.2d 142, 155 (1999) (holding that an abuse of discretion occurs if the trial court's findings are wholly unsupported by the evidence or its conclusions are controlled by an error of law); *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct.App.1996) ("On appeal from the Workers' Compensation Commission, the court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law.").

The Workers' Compensation Act authorizes the Commission to order an employer to pay for reasonably necessary medical costs. S.C.Code Ann. § 42–15–60 (1985). The contractor's estimate specifies that the $83,700 includes the cost of necessary accommodations such as a handicapped-accessible shower and bath, wider halls and door openings, and handicap ramps. Additionally, it includes building modifications necessary for the exercise and therapeutic equipment. The modifications are necessitated *solely* by Thompson's admittedly compensable injury. The bottom line is that Thompson cannot live in the proposed home without the modifications to accommodate his paraplegia. Under these circumstances, the effort by the Commission to "split the baby" cannot stand. Because neither the new home nor the exercise equipment would benefit Thompson without these additional modifications, we hold the Commission erred in denying the award to modify and upfit the proposed home.

We are not unmindful that this award may involve some duplication of the previous upfit of the rental home, but this

fact, standing alone, is not dispositive. Moreover, while we acknowledge the understandable opposition of an employer or insurance carrier to the prospect of paying for multiple moves, the present posture of this case does not warrant those concerns. The result we reach today is influenced by two factors.

First, the Thompsons never intended to reside permanently in the uncle's rental home. Prior to Thompson's disabling injury, the family planned to move to a permanent home, a move that would be in response to the best interests of the Thompson children, particularly their education. That move was to be accomplished through Thompson's income from work and family savings, as evidenced by the $8,000 saved as of the time of the accident. The devastating blow of Thompson's paraplegia should not be compounded by a legal decree that would effectively preclude the dream of home ownership. No reasonable person could expect the Thompsons to live permanently in the uncle's rental home and completely abandon their hopes for some semblance of a normal life.

Second, American Interstate's claim of "duplication" is only partially true, for substantial additional modifications to the uncle's rental home would be required were the Thompsons to remain there. The contractor who performed the original modifications to the Thompsons' rental home indicated that between $37,750 and $39,250 in further modifications would be necessary for the installation and use of the prescribed exercise and therapy equipment. American Interstate knew at the time of the prior upfit to the rental home that the Thompsons could not be expected to remain there for the rest of their lives. Accordingly, we reverse this portion of the Commission's order and reinstate the award of $83,700 for upfitting the new home.

## CONCLUSION

We hold the Commission did not abuse its discretion in awarding Thompson a partial lump sum payment from his lifetime benefits award. We additionally affirm the Commission's award of the exercise equipment and therapy equipment. We reverse the Commission's denial of Thompson's

request for the funds necessary to upfit the new home. The decision of the Commission is

**AFFIRMED IN PART AND REVERSED IN PART.**

HEARN, C.J., and ANDERSON, J., concur.