THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wallace H.
 Richardson, Sr., Respondent,
 
 
 

v.

 
 
 
 Lee County School District, Employer, and South Carolina School Boards Insurance Trust, Carrier, Appellants.
 
 
 

Appeal From Lee County
 Clifton Newman, Circuit Court Judge
Unpublished Opinion No. 2008-UP-076
Submitted December 1, 2007  Filed
 February 4, 2008
AFFIRMED

 
 
 
 Adrianne L. Turner, of Columbia, for
 Appellants.
 E. W. Cromartie, II, of Columbia, for Respondents.
 
 
 

PER CURIAM:  In
 this workers compensation action, Lee County School District (School District) appeals the award of benefits to Dr. Wallace Richardson, contending (1)
 the work-related accident on which Richardsons claim was based did not result
 in any permanent injury; (2) Richardson was not permanently and totally
 disabled; and (3) Richardsons unjustified refusal to undergo surgery made him
 ineligible for benefits.  We affirm.[1]  
 
FACTS
Richardson had taught school for thirty years.  At the time of his accident, he was a
 science teacher with School District at Lee County Middle School.  On October
 16, 2002, while Richardson was attending a school staff conference, the wicker
 chair in which he was sitting collapsed, causing him to fall backwards onto his
 back and hips and hit his shoulder.  As a result of the accident, Richardson sustained substantial injuries to his back and hips, as well as injuries to his
 head, shoulders, elbows, wrists, and neck.  
Before the
 incident, Richardson suffered from degenerative joint disease and arthritis for
 which he sought treatment from Dr. Williams, his regular physician.  Just two
 days before the accident, Richardson, on a referral from Dr. Williams,
 consulted Dr. Ervin, an orthopedic physician in Florence, who determined Richardson was suffering from severe degenerative disease of both hips and advised Richardson he would eventually have to undergo replacement of both hips.  Richardson was also an overweight smoker and suffered from chronic bronchitis and sleep
 apnea.  
After the accident, Dr. Williams treated Richardsons leg and hip
 pain.  On November 4, 2002, Richardson consulted Dr. Ervin, who wrote in his
 notes that he anticipated Richardson would suffer no permanent impairment from
 his fall and recommended that Richardson follow through with the physical
 therapy prescribed by Dr.Williams.  On Dr. Williamss advice, Richardson
 underwent physical therapy at Tuomey Rehabilitation Center in Sumter.  After three weeks, however, Richardson found no
 improvement in his condition and stopped treatment.  
Richardson notified School District and timely filed a workers compensation claim.  On
 December 20, 2004, the single commissioner held a hearing and found Richardson suffered a compensable injury by accident arising out of and in the course of
 his employment that left him permanently and totally disabled from a
 combination of injuries to his back, legs, and hips.  School District, along
 with its insurance company, applied to the appellate panel for review of the single
 commissioners findings.  The appellate panel unanimously affirmed the order of
 the single commissioner.  Thereafter, the circuit court affirmed the appellate panels
 order and denied School Districts motion to alter or amend.  This appeal
 followed.  
STANDARD OF REVIEW
The
 Administrative Procedures Act establishes the standard of review for decisions
 by the South Carolina Workers Compensation Commission.  Forrest v. A.S.
 Price Mechanical, 373 S.C. 303, 306, 644 S.E.2d 784, 785 (Ct. App. 2007) (citing Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981)).  In
 workers compensation cases, the Full Commission is the ultimate fact finder.  Shealy
 v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (citation
 omitted).  This Court reviews facts based on the substantial evidence standard.
  Thompson v. S.C. Steel Erectors, 369 S.C. 606, 612, 632 S.E.2d 874, 877
 (Ct. App. 2006).  Under the substantial evidence standard, the appellate court
 may not substitute its judgment for that of the Commission as to the weight of
 the evidence on questions of fact.  Forrest, 373 S.C. at 306, 644
 S.E.2d at 785 (citing S.C. Code Ann. § 1-23-380(A)(5) (Supp. 2006)).  Substantial
 evidence is not a mere scintilla of evidence nor evidence viewed from one side,
 but such evidence, when the whole record is considered, as would allow reasonable
 minds to reach the conclusion the Full Commission reached.  Shealy, 341
 S.C. at 455, 535 S.E.2d at 442.
LAW/ANALYSIS
1.  School District first
 contends Richardsons condition existed before his accident and he therefore was
 not entitled to workers compensation benefits.  We disagree.  
The aggravation
 of a pre-existing condition that leads to disability or death is compensable
 under the South Carolina Workers Compensation Act.  See Glover v.
 Columbia Hosp. of Richland County, 236 S.C. 410, 419, 114 S.E.2d 565, 569
 (1960) (stating a claimants pre-existing disease or infirmity does not
 disqualify a workers compensation claim if the claimants work aggravated,
 accelerated, or combined with the disease or infirmity to cause the condition
 for which compensation is sought); Holly v. Spartan Grain Mill & Co.,
 210 S.C. 183, 189, 42 S.E.2d 59, 62 (1947) (Where a previously diseased
 condition is aggravated by injury or accident arising out of or in the course
 of employment, and this results in . . . disability, there is a compensable
 injury.); Anderson v. Baptist Med. Ctr., 343 S.C. 487, 493, 541 S.E.2d
 526, 528 (2001) (The right of a claimant to compensation for aggravation of a
 pre-existing condition arises only where there is a dormant condition which has
 produced no disability but which becomes disabling by reason of the aggravating
 injury.); Mullinax v. Winn-Dixie Stores, Inc., 318 S.C. 431, 437, 458
 S.E.2d 76, 79 (Ct. App. 1995) ([A] work-related accident which aggravates or
 accelerates a pre-existing condition, infirmity, or disease is . . .
 compensable.).
School
 District asserts Richardsons hip problems were caused by years of obesity and
 the stress of being a professional football player.  Although Richardson
 himself acknowledged he had been a large man his whole life and played both
 college and professional football, we cannot, under our standard of review,
 disregard the substantial evidence of record that Richardsons present
 complaints resulted from his workplace accident rather than his prior physical
 condition.  This evidence consists of both lay and professional testimony.
At
 the hearing before the single commissioner, Richardson testified about
 differences in his physical abilities before and after his accident.  He stated
 that, although he did not need a cane before his accident, he now cannot walk
 or stand up from a sitting position without one.  Before his injury, in
 addition to working full time with School District, he was a pastor to three
 church congregations, but can no longer continue any of these activities.  Since
 the accident, he has been unable to help his wife with cleaning, shopping, and
 other household activities.  Furthermore, Richardson testified he experienced a
 weaker physical state even with his medication use.  In addition, Richardsons wife testified on his behalf and supported his assertions.  
 
The
 record also has medical evidence that Richardsons accident resulted in a
 compensable injury.  Although Dr. Ervin initially anticipated no permanent
 impairment as a result of the incident, he later stated he did not feel Richardson would be able to continue with his job as a school teacher and assigned him a
 forty-percent impairment rating for each hip.  Significantly, in his
 deposition, Dr. Ervin, in responding to a question from Richardsons attorney
 regarding his opinion as to whether Richardsons fall aggravated his
 pre-existing degenerative disease, stated theres no question about it.  
 
2.  School District next
 argues Richardson failed to meet his burden of proving a loss of earning
 capacity under the workers compensation statutes.  In support of this
 argument, School District contends Richardson is qualified and capable of
 retaining a high earning capacity in an administrative position despite his
 accident.  We decline to address this argument.
We
 have reviewed the record on appeal and found no indication that School District either raised this issue to the appellate panel or presented it in its
 petition for judicial review; therefore, this issue is not preserved for our
 review.  Although this issue may have been referenced in School Districts
 motion under Rule 59(e), the motion cannot cure the failure to timely raise it
 to the appropriate tribunal.  See Hickman v. Hickman, 301 S.C.
 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) (A party cannot use Rule 59(e)
 to present to the court an issue the party could have raised prior to judgment
 but did not.).
3.  Finally, School District
 argues that, pursuant to South Carolina Code section 42-15-60, Richardson should have been ordered to forfeit his benefits because he refused reasonable
 medical treatment.  In support of this argument, School District appears to assert
 that Richardson, in refusing to lose weight and continuing to smoke, has
 without good cause made himself unable to undergo recommended hip replacement
 surgery to improve his condition.  We disagree.  
Section
 42-15-60 provides in pertinent part as follows: 

 The
 refusal of an employee to accept any medical, hospital, surgical or other
 treatment when provided by the employer or ordered by the Commission shall bar such employee from further compensation until such refusal ceases and
 no compensation shall at any time be paid for the period of suspension unless
 in the opinion of the Commission the circumstances justified the refusal, in
 which case the Commission may order a change in the medical or hospital service.

S.C.
 Code Ann. § 42-15-60 (1985) (emphasis added).
In finding
 Richardson was justified in refusing bilateral hip arthroplasty surgery, the
 single commissioner, affirmed by the appellate panel and the circuit court, cited
 not only the risks of the surgery but also the absence of any request by School
 District that Richardson undergo such an operation.  School District does not
 allege it ever offered, much less provided, such a procedure.  Under these
 circumstances, we hold section 42-15-60 does not apply to the present case.  Regardless
 of whether Richardsons failure to lose weight and stop smoking could constitute
 an unjustified refusal of recommended treatment, the fact that this treatment
 was neither provided by School District nor ordered by the Workers
 Compensation Commission prevents this failure from making him ineligible for
 benefits.
AFFIRMED.
HEARN, C.J.,
 KITTREDGE and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.