THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bobby Whitaker,
 Employee, Respondent/Appellant,
v.
Overnight
 Transportation, Self-Insured Employer, Appellant/Respondent.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2011-UP-397
Submitted August 1, 2011  Filed August 19,
 2011   

AFFIRMED

 
 
 
David Hill Keller, of Greenville, for Appellant/ Respondent.
Kathryn Williams, of Greenville, for Respondent/ Appellant.
 
 
 

PER
 CURIAM: In this workers' compensation
 case, Overnight Transportation (Employer) appeals the circuit court's order affirming
 the Appellate Panel of the South Carolina Workers' Compensation Commission's (the
 Appellate Panel) decision to award Bobby Whitaker permanent total disability
 benefits.  On appeal, Employer argues the circuit court erred in: (1) affirming
 the Appellate Panel's finding that Whitaker's injury was an injury by accident
 arising out of his employment; (2) affirming the Appellate Panel's finding that
 Whitaker's work-related injury aggravated his pre-existing left hip condition;
 and (3) declining to address whether the Appellate Panel's order made specific
 factual findings on arguments raised by Employer. Whitaker cross-appeals,
 arguing the circuit court erred in affirming the Appellate Panel's denial of a
 total lump sum payment.  We affirm.[1] 
I.  Employer's Appeal
1.  We
 find the circuit court properly affirmed the Appellate Panel's finding that
 Whitaker's work-related injury aggravated his pre-existing left hip condition.  Generally,
 a work-related accident that aggravates a pre-existing condition is
 compensable.  S.C. Code Ann. § 42-9-35(B) (Supp. 2010).  The pre-existing
 condition must be "aggravated or accelerated or activated" by an
 injury by accident arising out of and during the course of employment.  Gordon
 v. E. I. Du Pont De Nemours & Co., 228 S.C. 67, 76, 88 S.E.2d 844,
 848 (1955).  An employee may recover for the aggravation of a pre-existing
 condition only "where there is a dormant condition which has produced no
 disability but which becomes disabling by reason of the aggravating injury."  Hargrove v. Titan Textile Co., 360 S.C. 276, 295, 599 S.E.2d 604,
 614 (Ct. App. 2004).  However, a condition is not compensable when "it
 is due solely to the natural progression of a pre-existing condition."  Id.  
Here, substantial
 evidence supports the circuit court's decision to affirm the Appellate Panel's
 finding that Whitaker's work-related injury aggravated his pre-existing left
 hip condition.  See S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2010)
 (providing this court will affirm the factual findings of the Appellate Panel
 if supported by substantial evidence); see also Hargrove, 360
 S.C. at 295, 599 S.E.2d at 614 ("A determination of whether a claimant's
 condition was accelerated or aggravated by an accidental injury is a factual
 matter for the Appellate Panel.").  Although Whitaker presented evidence
 that he suffered from a pre-existing condition, no evidence exists showing that
 the pre-existing condition was active.  In fact, the evidence presented
 supports a finding that the pre-existing condition was dormant because Whitaker
 testified that he did not have any pain after his doctor's appointment in 2005. 
 Dr. McAvoy also testified that Whitaker did not complain of pain during his
 follow-up appointment in December 2005.  Moreover, evidence exists to support
 the finding the work-related injury aggravated Whitaker's pre-existing hip
 condition.  Namely, Dr. McAvoy opined Whitaker's work-related injury
 accelerated his condition requiring him to have hip replacement surgery sooner
 than expected.  Accordingly, substantial evidence exists supporting the finding
 that Whitaker's work-related accident aggravated his pre-existing hip condition. 
2.  We
 find Employer's argument that the circuit court erred in affirming the
 Appellate Panel's order because the Appellate Panel failed to make specific
 factual findings concerning the necessity of Whitaker's hip replacement surgery
 is without merit.[2]  The single commissioner's order held Employer responsible for
 Whitaker's left hip replacement surgery because the injury by accident
 aggravated his pre-existing condition.  Additionally, the Appellate Panel
 addressed the issue, finding the need for hip replacement surgery was
 accelerated due to the work-related fall because Whitaker was not experiencing
 any hip pain prior to the injury.  Because the Appellate Panel made specific factual
 findings concerning this issue, we affirm.  See Nettles v.
 Spartanburg School Dist. # 7, 341 S.C. 580, 590, 535 S.E.2d 146,
 151 (Ct. App. 2000) ("The [Appellate Panel] must make specific findings of fact upon which a claimant's right to compensation are
 based.").
II.  Whitaker's Appeal
 We hold the circuit
 court properly affirmed the Appellate Panel's decision to award Whitaker a partial
 lump sum payment.  When reviewing the Appellate Panel's decision concerning
 lump sum payments, the reviewing court must review the decision for an abuse of
 discretion.  Thompson v. S.C. Steel Erectors, 369 S.C. 606, 612,
 632 S.E.2d 874, 878 (Ct. App. 2006).  "An abuse of discretion occurs
 if the [Appellate Panel]'s findings are wholly unsupported by the evidence or
 the conclusions reached are controlled by an error of law."  Id.  Section
 42-9-301 of the South Carolina Code (1976) permits the award of lump sum
 payments for workers' compensation benefits when the Appellate Panel determines
 the payment is not contrary to the best interest of the employee or it will
 prevent undue hardship on the employer without prejudicing the employee's
 interests.
 Here, the Appellate
 Panel found the award of a partial lump sum payment and periodic payments for
 the remaining amount were in Whitaker's best interests.  In making this
 determination, the Appellate Panel cited to Whitaker's testimony concerning his
 financial obligations as well as to its concerns regarding potential reductions
 by social security or other disability benefits for his lump sum payment. 
 Additionally, Whitaker explained he wanted a lump sum payment in order to
 satisfy his financial debts of $28,000 on his home mortgage, $5,000 in credit
 cards, and $2,000 for his car.  The
 Appellate Panel's award of $40,000 in lump sum payment covered all of these
 expenses and provided Whitaker with an extra $5,000.  The Appellate Panel also awarded Whitaker a lump sum
 payment for his attorney's fees.  Consequently, with the two lump sum payment
 awards, Whitaker can satisfy all of his reported debts. Accordingly, the
 Appellate Panel's award did not constitute an abuse of discretion. 
AFFIRMED.
 SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We decline to address this issue because it is not
 preserved for our review.  Employer did not raise it until the hearing before
 the circuit court, and the circuit court did not make an express finding on it.  See Stone v. Roadway Express, 367 S.C. 575, 582, 627 S.E.2d 695,
 698 (2006) ("Only issues raised and ruled upon by the [Appellate Panel] are
 cognizable on appeal.").