**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Antonio Lazaro, by and through his GAL Decidora Lazaro, Employee, Respondent,

v.

Burriss Electrical, Inc., Employer, and CompTrust AGC of the Carolinas, Carrier, Appellants.

Appellate Case No. 2011-192272

———————

Appeal From the Workers' Compensation Commission

———————

Unpublished Opinion No. 2014-UP-064
Heard September 11, 2013 – Filed February 6, 2014

———————

**AFFIRMED**

———————

Weston Adams, III, Helen Faith Hiser, and Landon L. Hughey, of McAngus, Goudelock & Courie, LLC, of Columbia, for Appellants.

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, and John Earl Duncan, of Law Office of John Duncan, of Lexington, for Respondent.

———————

**PER CURIAM:** Appellants, Burriss Electrical, Inc. (Employer) and CompTrust AGC of the Carolinas (Carrier) (collectively, Appellants), seek review of a

decision of the Appellate Panel of the South Carolina Workers' Compensation Commission (Commission) upholding the single commissioner's partial lump sum award to the dependents of Respondent Antonio Lazaro (Employee). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:[1]

1. As to the sufficiency of the Commission's findings and conclusions: S.C. Code Ann. § 42-9-301 (1985) (stating that as to any abuse of discretion in the commission's finding that a lump sum payment should be made, the burden of proof shall be on the employer or carrier in any appeal proceedings); *id.* (merely giving the Commission the authority to affirmatively order a lump sum payment when such a payment will prevent undue hardship on the employer or carrier: "Whenever any weekly payment has been continued for not less than six weeks, the liability therefor *may*, *when* the employee so requests and the commission deems it not to be contrary to the best interest of the employee or his dependents, *or when it will prevent* undue hardship on the employer or his insurance carrier, without prejudicing the interest of the employee or his dependents, *be redeemed*, in whole or in part, *by the payment by the employer of a lump sum* . . . ." (emphasis added)); *Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 612, 632 S.E.2d 874, 878 (Ct. App. 2006) (quoting section 42-9-301 and concluding that this court reviews a partial lump sum award for an abuse of discretion); *id.* ("An abuse of discretion occurs if the [Appellate Panel's] findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law.").

---

[1] Immediately prior to scheduled oral arguments, Employee's counsel advised this court that the parties had entered into a settlement agreement relating to Employee's workers' compensation claim. Counsel requested this court to continue oral arguments "to allow [him] the opportunity to file a Motion to Compel a Settlement Agreement[.]" Counsel for Appellants denied the existence of a binding settlement agreement between the parties. This court denied the request to continue oral arguments; however, we subsequently remanded this case to the Commission for a determination of whether there exists a binding agreement between the parties to settle Employee's claim.

Due to continued delays by the Commission, we ultimately revoked the order remanding the case so that it may proceed without further delay. To the extent any party still seeks to hold this appeal in abeyance, we deny the motion. Should any party desire to be heard on the question of the existence of a settlement agreement, such party will have an opportunity to file the appropriate motion with the Commission after the remittitur is sent to the Commission.

2.  As to the vehicle allowance:  *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) ("[A] party may not complain on appeal of error or object to a trial procedure [that] his own conduct has induced."); *Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has the burden of providing this Court with a sufficient record upon which this Court can make its decision."); *Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 612, 632 S.E.2d 874, 878 (Ct. App. 2006) (quoting section 42-9-301 and concluding that this court reviews a partial lump sum award for an abuse of discretion); *id.* ("An abuse of discretion occurs if the [Appellate Panel's] findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law.").

3.  As to Appellants' argument that the partial lump sum award violates the policies underlying the Workers' Compensation Act:[2] *Case v. Hermitage Cotton Mills*, 236 S.C. 515, 531, 115 S.E.2d 57, 66 (1960) ("[T]he courts of this country have without exception viewed the workmen's compensation law as intended pri[m]arily for the benefit of the injured employee and to be construed liberally for his protection."); *Booth v. Midland Trane Heating & Air Conditioning*, 298 S.C. 251, 254, 379 S.E.2d 730, 731 (Ct. App. 1989) ("The primary purpose of the Workers' Compensation Act is to protect the worker[,]" and "[a]ny reasonable doubt as to its construction should be resolved in favor of its claimants.").

4.  We need not address the merits of Employee's motion for an award of attorney's fees and costs under the Frivolous Proceedings Sanctions Act,[3] except to state that the motion is denied.  *See* Rule 220(b)(2), SCACR ("The Court of Appeals need not address a point which is manifestly without merit.").  However, Employee may seek the attorney's fees and costs allowed under Rule 222, SCACR.

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur**.

---

[2] S.C. Code Ann. § 42-1-10 to -19-50 (1985 & Supp. 2013).
[3] S.C. Code Ann. § 15-36-10 to -100 (Supp. 2013).