**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Fritz Timmons, Appellant,

v.

South Carolina Employment Security Commission and Browns A/S RV and Campers, Respondents.

Appellate Case No. 2013-002356

---

Appeal From Darlington County
J. Michael Baxley, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-402
Submitted May 1, 2015 – Filed August 12, 2015

---

**AFFIRMED**

---

Fritz Timmons, of Hartsville, pro se.

Derrick K. McFarland, of the South Carolina Department of Employment and Workforce, of Columbia, for Respondent.

---

**PER CURIAM:** Fritz Timmons appeals from a circuit court order affirming the South Carolina Employment Security Commission's (the Commission's) denial of unemployment benefits, arguing the circuit court erred in (1) determining he

voluntarily quit his job with Brown's RVs; (2) finding his new employment contract did not violate the Fair Labor Standards Act and Code of Federal Regulations; and (3) conducting an appellate hearing, not ruling in Timmons's favor by default, violating Timmons's rights and committing perjury, violating the state code and court rules, failing to award Timmons back pay for overtime and non-productive working hours, and rendering a decision unsupported by the evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in determining Timmons voluntarily quit his job with Brown's RVs: *McEachern v. S.C. Emp't Sec. Comm'n*, 370 S.C. 553, 557, 635 S.E.2d 644, 646 (Ct. App. 2006) ("The Commission is an agency governed by the Administrative Procedures Act (APA)."); *id.* at 557, 635 S.E.2d at 646-47 ("Reviewing courts apply the substantial evidence rule, under which the agency's decision is upheld unless it is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." (internal quotation marks omitted)); *id.* at 557, 635 S.E.2d at 647 ("Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. It is more than a mere scintilla of evidence, but is something less than the weight of the evidence. Furthermore, the possibility of drawing two inconsistent conclusions from the evidence does not prevent a court from concluding that substantial evidence supports an administrative agency's finding." (footnotes and internal quotation marks omitted)); *id.* at 558, 635 S.E.2d at 647 ("The burden is on a claimant to show compliance with benefit eligibility requirements." (internal quotation marks omitted)); S.C. Code Ann. § 41-35-110(5) (Supp. 2014) (providing to be eligible for unemployment benefits, a worker must have "separated, through no fault of his own, from his most recent bona fide employer"); S.C. Code Ann. § 41-35-120(1) (Supp. 2014) (providing a worker is ineligible for unemployment benefits "[i]f . . . he left voluntarily, without good cause, his most recent work prior to filing a request for determination of insured status or a request for initiation of a claim series within an established benefit year").

2. As to whether the circuit court erred in determining Timmons's potential new employment contract with Brown's RVs did not violate federal law: *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998) (finding an issue unpreserved and holding that in an appeal from an administrative agency where the circuit court sits in an appellate capacity, the circuit court may not consider an issue unless the issue was raised to and ruled upon by the agency).

3.  As to Timmons's remaining issues:  *Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 617-18, 632 S.E.2d 874, 881 (Ct. App. 2006) (providing when the circuit court sits in an appellate capacity, an issue not raised to and ruled upon by the circuit court is not preserved for review).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.