**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Smith Harrison, Jr., Employee, Appellant,

v.

SC Wind and Hail Underwriting Association, Employer, and Liberty Mutual Fire Insurance Company, Carrier, Respondents.

Appellate Case No. 2017-001518

---

Appeal From The Workers' Compensation Commission

---

Opinion No. 2021-UP-117
Heard September 14, 2020 – Filed April 14, 2021

---

**REVERSED**

---

William L. Smith, II, of Chappell, Smith & Arden of Columbia, for Appellant.

W. Strat Stavrou, Jr., and J. Gabriel Coggiola, both of Willson, Jones, Carter & Baxley, P.A., of Columbia, for Respondents.

---

**PER CURIAM:**  In this workers' compensation case, James Smith Harrison, Jr. (Claimant) seeks review of the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (Commission) denying his request for modification of his vacation/retirement home (second home).  We reverse the order of the Commission.

Claimant suffered severe compensable injuries during a fall from a stepladder onto a concrete floor on February 27, 2012.  Claimant must use a four-prong cane to walk.  His physician prescribed work restrictions, and "stair lifts for homes" because Claimant is unable to climb stairs.  His physician also prescribed modifications to all bathrooms for handicapped accessibility.  Claimant's primary residence in Columbia was modified by Respondents.  Claimant's second home is a beach house in Litchfield Beach.  Before the accident, Claimant intended to retire in a few years and spend eight or nine months a year at the second home.  Claimant testified that because of his injuries, his use of the second home has been "very limited" because the first floor is only accessible by stairs.  Claimant testified that if he had not suffered the on-the-job injury, he would not need the second home modified.

The issue before the Commission was a medical benefit award sought by Claimant to modify the second home under South Carolina Code Section § 42-15-60 (2015), which was denied.  The Commission found:

> 3.  In the present case, Claimant currently resides in his permanent primary home, which he has owned for several years.  4.  At the time of the hearing, [Respondent] had already agreed to the recommended uplift and modifications of his primary residence as requested by the Claimant.  5.  Claimant testified he plans to retire in a few years and move to his retirement home, which will need to be uplifted and modified to accommodate his restrictions.  6.  Modifications to Claimant's retirement home would be unfair and unduly burdensome on [Respondent] when Claimant currently has a permanent primary residence in which he resides.  7.  Claimant's request for modifications to his vacation home is speculative.  8.  At such time as Claimant converts the vacation home into his primary residence, nothing in this [o]rder precludes Claimant from seeking benefits to [upfit] the residence at that time.

The Administrative Procedures Act (APA) provides a reviewing court "may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."  S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2020);  *see also Gadson v. Mikasa Corp.*, 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006) ("Pursuant to the APA, this [c]ourt's review is limited to deciding whether the appellate panel's decision is unsupported by substantial evidence or is controlled by some error of law.").  "[Q]uestions of law are reviewed de novo."  *S. C. Dep't of Revenue v. Blue Moon of Newberry, Inc.*, 397 S.C. 256, 260, 725 S.E.2d 480, 483 (2012).

The Commission found modifications to Claimant's second home are not a reasonable and necessary medical cost under Section 42-15-60(A), which requires an employer of an injured employee to "provide medical, surgical, hospital, and other treatment . . . as reasonably may be required".  The Commission noted *Thompson v. S. C. Steel Erectors*, 369 S.C. 606, 632 S.E.2d 874 (Ct. App. 2006) was not applicable to the present case.

Claimant states he owns two homes that he fully utilized before the accident, and as a direct result of the accident he can no longer use the second home.  He claims the Commission's order means he must sell or maintain a home that he cannot safely use.  Claimant argues the Commission erred as a matter of law in finding *Thompson* does not apply here.  We agree.

In *Thompson*, the insurance carrier had previously paid $35,000 to modify Thompson's rental home.  *Id.* at 610, 632 S.E.2d at 877.  Thompson was planning to buy a new home and had saved $8,000 towards the purchase.  *Id.* at 620, 632 S.E.2d at 882.  The Court found the Commission erred in denying Thompson's request for a separate award to modify his new home.  *Id.*  Thus, the Court approved the modification of two homes, the second one having not been purchased yet.  The *Thompson* court stated "the modifications are necessitated *solely* by Thompson's admittedly compensable injury.  The bottom line is that Thompson cannot live in the proposed home without the modifications to accommodate his paraplegia. . . . Because . . . the new home . . . would [not] benefit Thompson without these additional modifications, we hold the Commission erred."  *Id.* at 619, 632 S.E.2d at 882.

In the case before us, affirming the Commission's decision would force Claimant to choose between keeping his primary residence or realizing his dream of retiring to his second home. Claimant would not be able to fully utilize both homes as he did before the accident. Here, as in *Thompson*, the proposed modifications are necessitated solely by Claimant's compensable injury, and the second home cannot benefit Claimant without the modifications. Further, in *Thompson*, the second set of modifications were awarded to a home that had not yet been purchased. Here, Claimant owned the second home at the time of the injury, and his retirement is not speculative.

"Because South Carolina adopted large portions of the North Carolina Workers' Compensation legislation, we rely on North Carolina precedent in Workers' Compensation cases." *Stephen v. Avins Const. Co.* 324 S.C. 334, 340, 478 S.E.2d 74, 77 (Ct. App. 1996). Our finding in this case is also supported by *Timmons v. N. C. Dep't of Transp.*, 473 S.E.2d 356 (N.C. Ct. App. 1996). The employer in *Timmons* had previously modified the claimant's home and the claimant moved to a new home. *Id.* at 357. The court found the claimant was entitled to have the employer pay for the additions to the new home to accommodate the claimant's disabilities, and such additions were contemplated as "other treatment" under the Workers' Compensation Act. *Id.* at 359.

We find that under the specific facts of this case, modifications to Claimant's second home are contemplated by the Workers' Compensation Act as reasonable and necessary medical costs. *See Liberty Mut. Ins. Co. v. S. C. Second Injury Fund*, 363 S.C. 612, 622, 611 S.E.2d 297, 302 (Ct. App. 2005) (noting a statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers).

**REVERSED.**

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**