**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Barry Adickes, Claimant, Respondent,

v.

Philips Healthcare, Employer, and Fidelity & Guarantee Insurance Company, Carrier, Appellants.

Appellate Case No. 2019-001141

―――――――――

Appeal From The Worker's Compensation Commission

―――――――――

Unpublished Opinion No. 2022-UP-316
Submitted May 2, 2022 – Filed July 27, 2022

―――――――――

**AFFIRMED**

―――――――――

Brooke Ann Payne, of Payne Law Group, LLC, of Mt. Pleasant, for Appellants.

William L. Smith, II and James David George, Jr., both of Chappell Smith & Arden, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** This case comes back to the Court of Appeals after remand to the Appellate Panel of the Worker's Compensation Commission ("the Appellate Panel") for calculation of Barry Adickes' (Respondent's) wage loss claim. Philips Healthcare and Fidelity Casualty Insurance Company (collectively, Appellants)

appeal the recalculation and the Appellate Panel's issuance of sanctions/penalties against them for prematurely stopping lost wage payments and for failing to provide Adickes' prescription benefit.  We affirm.

1.  Regarding Appellants' contention the Court of Appeals ruled the start date for the calculation was not January 17, 2014—the date of Adickes' termination—we conclude nothing in the opinion suggests a different start date for calculation and the opinion states the purpose of the statute is to replace wages the employee does not earn due to the injury.  *See Barry Adickes v. Philips Healthcare*, Op. No. 2018-UP-027 (S.C. Ct. App. filed Jan. 17, 2018) ("PPD benefits are intended to compensate an injured claimant for the loss of earning capacity over the designated 340 weeks from the date of injury, rather than compensate an injured claimant with a 340–week 'award' of PPD benefits for specific injuries.").  The issue of maximum medical improvement (MMI) was raised, but the opinion does not address in any way how MMI impacts the calculation of lost wages pursuant to section 42-9-20 of the South Carolina Code (2015).  Therefore, we affirm the single commissioner's calculation start date for the award.

2.  Regarding Appellants' argument the single commissioner erred in finding they prematurely terminated Adickes' payments, we find the final sentence of section 42-9-20 indicates the seven weeks and five days Adickes was out of work following the accident does not count against the 340-week period prescribed in the statute.  *See* S.C. Code Ann. § 42-9-20 ("In case the partial disability begins after a period of total disability, the latter period shall not be deducted from a maximum period allowed in this section for partial disability."); *State v. Sweat*, 379 S.C. 367, 377, 665 S.E.2d 645, 651 (Ct. App. 2008) ("A statute should be so construed that no word, clause, sentence, provision[,] or part shall be rendered surplusage . . . or superfluous[.]"); *id*. at 382, 665 S.E.2d at 654 ("The General Assembly obviously intended [the statute' language] to have some efficacy, or the legislature would not have enacted it into law."); *Bass v. Kenco Group.*, 366 S.C. 450, 466, 622 S.E.2d 577, 585 (Ct. App. 2005) (finding "the commissioner correctly applied section 42-9-20 and declined to give [the employer] a credit for temporary [total] benefits paid" in making a permanent, partial award).

3.  Regarding Appellants' contention the Appellate Panel erred in fining them for delays in providing Adickes' prescription benefit because any issues with the delay were not willful, we conclude substantial evidence in the record supports the fine.  *See* S.C. Code Ann. § 42-3-175(A)(1) (2015) ("The commission may impose sanctions for willful disobedience of an order, including, but not limited to, a fine of up to five hundred dollars for each day of the violation."); *Browder v. Browder*,

382 S.C. 512, 521, 675 S.E.2d 820, 825 (Ct. App. 2009) ("Willful disobedience requires an act to be 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988))); *Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 612, 632 S.E.2d 874, 877 (Ct. App. 2006) (explaining this court "review[s] facts based on the substantial evidence standard.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., AND KONDUROS AND VINSON, JJ., concur.**

---

[1] This case is decided without oral argument pursuant to Rule 215, SCACR.